FRANK FARLEY, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Division B.

Opinion Filed July 26, 1924.

1. Where there is in the record legal evidence by competent witnesses of every essential element of the offense charged, contradictions of such evidence by other witnesses will not require a reversal of a judgment of conviction because of alleged insufficiency of the evidence to support the verdict.

2. Rulings of the trial court admitting or rejecting evidence, even though technically erroneous, where it is obvious that defendant was deprived of no substantial right and suffered no injury because of such rulings, do not require a reversal of the judgment.

3. If prosecuting counsel in criminal cases make material statements outside of the evidence which are likely to do the accused injury, it should be deemed an abuse of discretion and cause for reversal, but when the statement is a general one and of a character not likely to prejudice the cause of the accused in the minds of honest men of fair intelligence, the failure of the court to check counsel should not be deemed

such an abuse of discretion as to require a reversal. Landrum v. State, 79 Fla. 189, 84 South. Rep. 535.

4.  Giving to plaintiff in error the benefit of the amendment to the motion for new trial upon the ground of newly discovered evidence, made after the expiration of the four-day period after verdict, the showing made by the motion, under the established rule in such cases, is not such as to require a reversal of the judgment upon the ground that there is error in the order denying the motion for new trial.

A Writ of Error to the Circuit Court for Hillsborough County, F. M. Robles, Judge.

Affirmed.

*Macfarlane & Macfarlane,* for Plaintiff in Error;

*Rivers Buford,* Attorney General, and *Marvin C. McIntosh,* Assistant Attorney General, for the State.

WEST, J.—Plaintiff in Error, Frank Farley, was charged by indictment of a grand jury of Hillsborough County with murder. He was found guilty of murder in the first degree but there was a recommendation to the mercy of the court. To review the judgment imposing sentence Writ of Error was taken from this court. The assigned errors upon which reversal of the judgment is sought are presented in the brief in five groups.

The first contention is that the verdict is not supported by the evidence. That the accused shot and killed the deceased is admitted. Whether the circumstances of the killing are such as to justify a finding of murder in the first degree is disputed. If the record contain competent evidence upon which a finding of murder in the first degree can be based this court will not disturb the judgment. To do so would be to invade the province of the

jury. The defendant was armed with a pistol. There was an altercation between them. Defendant threatened to kill the deceased, fired at him twice, inflicting a wound from the effect of which he died. There is not such absence of proof of essential elements of the crime alleged as to require a reversal upon this ground.

The second contention is that there was error in rulings of the trial court admitting or rejecting evidence. The rulings complained of were made during cross-examination by the state attorney of a witness called and who testified in behalf of defendant. There was an effort to impeach this witness by showing prior inconsistent statements made by him. The record discloses an apparent purpose of the trial court to see to it that every right of the defendant was protected. And from an examination of the whole of the record of this proceeeding it is obvious that even if technical errors were committed, defendant was deprived of no substantial right, and assignments under this group present no reversible error. Joyner v. State, 85 Fla. 384, 96 South. Rep. 155; Breen v. State, 84 Fla. 518, 94 South. Rep. 383.

The assignments predicated upon alleged misconduct of the state attorney challenge as prejudicial and inaccurate statements of the state attorney in his argument to the jury. With respect to one in which the success in previous cases of opposing counsel was referred to the jury were instructed to pay no attention. By others it is contended that in the argument of the state attorney the evidence is not accurately stated. The jury presumably were intelligent and capable of determining what the evidence was. If it were misquoted they would be likely to detect it. The rule is that material statements of counsel outside the evidence which are likely to injure the defendant are cause for reversal, but the failure of

the trial court to check counsel cannot be deemed such
an abuse of discretion as to require a reversal where state-
ments are of a general character and not likely to cause
prejudice against the defendant in the minds of a jury of
fair intelligence. Landrum v. State, 79 Fla. 189, 84
South. Rep. 535. While not a literal quotation, the in-
terpretation placed upon the evidence in the argument was
not such a deviation as to amount to prejudicial error.

The assignment based upon an adverse ruling upon the
motion for a new trial presents no question not contained
in other assignments and already considered. Even if
the amendment to the motion upon the ground of newly
discovered evidence be considered the showing is not such,
under the settled doctrine in such cases in this court, as to
require a reversal of the judgment. Howard v. State, 36
Fla. 21, 17 South. Rep. 84; Kirkland v. State, 70 Fla.
584, 70 South. Rep. 592; Herndon v. State, 73 Fla. 451,
74 South. Rep. 511.

The judgment is affirmed.

WHITFIELD, P. J., AND TERRELL, J., concur.

TAYLOR, C. J., AND ELLIS, J., concur in the opinion.