ROOSEVELT BULLARD, *Plaintiff in Error,* v. STATE OF FLORIDA, *Defendant in Error.*

Division A.

Opinion Filed June 2, 1928.

*Noah B. Butt,* of Cocoa, for Plaintiff in Error;

*Fred H. Davis,* Attorney General, and *H. E. Carter,* Assistant, for the State.

STRUM, J.—Plaintiff in error, hereinafter called the defendant, was convicted of murder in the first degree.

On writ of error defendant questions the sufficiency of the evidence to sustain the verdict, and also assigns as error the overruling of his objection to certain remarks of the state attorney in the latter's argument to the jury, as well as the language used by the trial judge in ruling on the objection.

The State's evidence tends to prove that about 8:30 P. M. on the day of the homicide, defendant in company with one of the State's witnesses named Johnson went from the former's home to a negro boarding house where deceased resided. The purpose of the visit was to satisfy Johnson as to whether or not defendant had in fact made certain threats against Johnson which had been previously re-

lated to Johnson by the deceased. Defendant was armed with a pistol which Johnson testified the defendant procured at the latter's home just before the two left there. Deceased, who was undressed and in bed asleep, was awakened and upon request admitted defendant and the witness Johnson into the bedroom, Johnson being a roommate of the deceased. An altercation ensued between defendant and the deceased as to whether or not defendant had in fact made the threats attributed to him by the deceased, and also as to certain conduct of the deceased toward defendant's wife. Defendant struck the deceased, which was admittedly the first blow passed, after which a fight occured between defendant and the deceased. Johnson testified that with the aid of another negro named Walker he attempted to separate the fighters and was in the act of carrying defendant bodily out of the room, when the latter got out his pistol and shot the deceased, the wound being mortal. Johnson's testimony as to the quarrel and subsequent shooting was corroborated by the other negro who was present. After the shooting the defendant fled the scene and was later apprehended in another county. The defendant's version of the homicide differed from the State's version only in two material particulars; first, that he did not arm himself with a pistol immediately before going to the scene of the homicide, but kept the pistol permanently on his person; and, second, that during the course of the altercation and fight in deceased's bedroom, defendant was attacked by the deceased, the State's witness Johnson, and a third negro named Walker, and that defendant shot into the three of them in self defense, and without any particular design to kill the deceased, in what defendant believed was a necessary effort to save himself from great bodily harm when the third negro, Walker (not the deceased), was about to strike defendant

with a soda water bottle. Defendant admitted his visit to deceased's room for the purpose stated; the altercation there; that he, the defendant, struck the first blow; that he, the defendant, fired the shot which killed deceased; and that he fled the scene immediately and did not return until captured.

The testimony discloses that no weapons were in use during the encounter other than the defendant's pistol and the threatened use of the soda water bottle as a weapon by the negro Walker, to which reference was made by defendant, but which use thereof the other witnesses denied.

The jury evidently rejected defendant's version of the homicide and the necessity therefor. Minor conflicts in the evidence were settled by the jury, as is within their province to do. There is ample evidence from which every element of murder in the first degree could have been lawfully found by the jury. There is no indication that the jury was influenced by any considerations other than the evidence. Under such circumstances this Court will not ordinarily disturb a verdict of guilty which has been approved by the trial court in denying a motion for a new trial. Parrish v. State, 90 Fla. 25, 105 South. Rep. 130.

The record discloses the following incident during the argument of the state attorney.

"The state attorney in his argument before the jury in part argued as follows:

" 'I don't believe that there is a single man on this jury who believes this defendant was justified in killing the deceased, nor do I believe that there is a single man in Brevard County after hearing the testimony, would say that this defendant was justifiable.'

"To which argument counsel for the defendant did then and there object on the ground that the same was highly improper and tended to prejudice the minds of the jury.

"The court then and there overruled the objections and ruled that the argument was proper. To which ruling of the court exception was noted.

"BY THE COURT: The jury is instructed, as I have instructed before, that their verdict must be arrived at solely from the sworn testimony in this case and the charges of the court as to the law.

"Mr. Smith, state attorney, not understanding the ruling of the court, inquired of the court as follows: 'How did your Honor rule?' To which question the court replied: 'I rule that the argument is proper. You may proceed.'

"To which ruling and remark of the court, counsel for defendant did then and there obtain an exception."

The propriety of counsel's argument should be determined with reference to the evidence to which it is addressed. What would be proper argument upon the evidence in one case might be wholly improper in another.

The quoted argument of the state attorney, while somewhat hyperbolic, does not seem to us to be an objectionable departure from the limits of proper argument in view of the evidence upon which it is based. The argument is not subject to the criticism that it contains a statement of fact not supported by the evidence; nor is it an expression of the individual belief of the prosecuting officer that the defendant is guilty; nor is it an inflammatory appeal to prejudice nor can it fairly be said to be a threat of popular denunciation of the jury if they failed to convict. It consists merely of a statement of the *belief* of the prosecutor that no man on the jury, or in the county, *after hearing the testimony*, would say that the defendant was justified. It is patently a mere argumentative assertion or generalization upon the prosecutor's view of the sufficiency and force of the evidence, and one not likely to prejudice the cause of the defendant in the minds of intelligent and

honest men of which the jury was presumably composed. Wells v. State, 75 Fla. 229, 77 South. Rep. 879; Farley v. State, 88 Fla. 159, 101 South. Rep. 239; Landrum v. State, 79 Fla. 189, 84 South Rep. 535; Davis v. State (Ala.), 109 South. Rep. 385; see note to People v. Fielding (158 N. Y. 542), 46 L. R. A. 641; 2 R. C. L. 417.

Neither do we find in the court's remark "I rule that the argument is proper" any intimation from the trial judge as to his views of the prisoner, his counsel or the case. The remark could hardly be construed by an intelligent jury as an endorsement by the trial judge of the accuracy in point of fact of the assertion of the state attorney so as to constitute an expression by the trial judge upon the evidence or as to defendant's guilt. See Hubbard v. State, 37 Fla. 156, 20 South. Rep. 235; Mathis v. State, 45 Fla. 46, 34 South. Rep. 287; Gilbert v. State, 61 Fla. 25, 55 South. Rep. 464. Nor do we find that the remark, in view of the evidence before the jury, could have otherwise prejudiced the defendant's case especially in view of the court's charge given at the time that "the jury's verdict must be arrived at solely from the sworn testimony and the charge of the court as to the law." Harris v. State, 75 Fla. 527, 78 South. Rep. 526. Certainly there is no such clear abuse of sound judicial discretion involved in the incident as to require a reversal in view of the evidence disclosed by the bill of exceptions. Baxley v. State, 72 Fla. 228, 72 Sou. Rep. 677; Putnal v. State, 56 Fla. 86, 47 South. Rep. 864; Clinton v. State, 53 Fla. 98, 43 South. Rep. 312; 12 Ann. Cas. 150; Young v. State, 70 Fla. 221, 70 South Rep. 219.

The situations involved in Newton v. State, 21 Fla. 53, and Lester v. State, 37 Fla. 382, 20 South. Rep. 232, differ materially from the situation here presented.

Finding no error the judgment of the court below is affirmed.

ELLIS, C. J., AND BROWN, J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J. concur. in the opinion and judgment.