WILLARD BECK AND LEONARD BECK v. STATE

195 So. 143
Division B.
Opinion Filed March 29, 1940

*Coe & McLane,* for Plaintiffs in Error;

*George Couper Gibbs,* Attorney General, *Thomas J. Ellis* and *William Fisher, Jr.,* Assistant Attorneys General, for Defendant in Error.

CHAPMAN, J.—Plaintiffs in error, Willard Beck and Leonard Beck, were informed against by the County Solicitor of Escambia County, Florida, on the 9th day of

August, 1939, in two counts. The first count charged the defendants, on the 29th day of May, 1939, with the unlawful attempt to take, steal, and carry away one bull, the property of Cordie Williams and in the furtherance of said attempt did shoot said bull with a gun. The second count charged the defendants, Willard Beck and Leonard Beck, on the 29th day of May, 1939, in Escambia County, Florida, with the unlawful and malicious killing of a certain bull, the property of Cordie Williams, by shooting said bull with a gun.

The defendants were arraigned and each entered pleas of not guilty to the attempted larceny of the bull and the willful and malicious shooting of the bull, and were placed upon trial. The jury, after hearing all the testimony, argument of counsel, and the charges or instructions by the Court upon the law of the case, returned into open court on the 10th day of August, 1939, with their verdict finding the defendants guilty as charged in Count One of the information. Whereupon a motion for a new trial was made by counsel for the defendants below, and after argument of same, it was by the trial court overruled and denied and each of the defendants below were sentenced to serve a period of two and one-half years at hard labor in the State prison. From this judgment an appeal has been perfected to this Court and it is contended in oral argument at the bar of this Court and by brief filed on the part of counsel for plaintiffs in error that the evidence adduced by the State against the plaintiffs in error was legally insufficient to support the verdict and judgment against them. There is no other question involved on this appeal.

The evidence shows that plaintiffs in error lived in the Enon settlement situated in the northern portion of Escambia County, and on the afternoon of the 29th of May, 1939, a Mr. Phillips, while traveling north on the Walnut

Hill road at a point near where the road turned to his home thereon, saw and observed a cut down Chevrolet truck with disc wheels on the rear and wire wheels on the front and at some distance therefrom in the wood, later found by measurement to be 179 yards, observed two young men, and when passing his brother's home advised him of what he had seen and observed near the forks of the road. D. B. Phillips and Occie Phillips, and another member of the family, went to the forks of the road and found a bull, about five months of age, dying from two shots from a .22 rifle; also the animal's throat had been cut. Two young men, one dressed in khaki and the other in blue clothing, were seen to leave the place near where the animal was found wounded, and the young men were traveling in a southerly direction and were followed and identified by Thomas Goodall, Earl Goodall and Ethel Goodall as Willard Beck and Leonard Beck as they passed their home traveling in a car at the rate of about 35 or 40 miles per hour and going in the direction of the home of the defendants, and shortly after passing the Goodall home, some 20 or 30 minutes, D. D. Phillips followed, riding in a car or truck. Plaintiffs in error were identified by other witnesses as they traveled the road from the place where the bull was shot and where the defendants lived.

The case here turns on the question of the identity of the defendants. There is ample evidence in the record to sustain the verdict of the jury on the question of the identity of the defendants below and the essentials of the crime for which they were convicted.

It is the established law of Florida that the guiding principle for an appellate court is not what it may think the jury ought to have done, or what such court may think it would have done had it been sitting as a jury in the case, but whether as reasonable men the jury could have found

such verdict upon the evidence. If this question can be answered in the affirmative, the action of the trial court in denying a motion for a new trial should not be disturbed. See Stanley v. State, 93 Fla. 372, 112 So. 73; Howell v. State, 102 Fla. 612, 136 So. 456, 139 So. 187.

Where there is evidence from which all the essential elements of the crime may legally have been found, and it does not appear that the jury was influenced by considerations other than the evidence, the order of the trial court refusing to grant a new trial on account of the insufficiency of the evidence or because the verdict is contrary to the evidence, will not be reversed, unless after allowing all reasonable presumptions for the correctness of the verdict the preponderance of the evidence against the verdict is so decided as to clearly convince the appellate court that it is wrong and unjust. See Pickeron v. State, 94 Fla. 268, 113 So. 707; Bullard v. State, 95 Fla. 997, 117 So. 381.

The writer is of the opinion that the evidence offered by the State and the sufficiency thereof called into question by the motion for a new trial is none too strong, but there is no principle of law that will justify an appellante court to substitute its judgment for that of a jury. The disputes and conflicts in the evidence presents an issue for a jury to settle under our judicial system and the reasons offered this Court to interfere with the verdict as rendered is legally insufficient. Our country is committed to the doctrine that no matter what the crime one may be charged with, he is entitled to a fair and impartial trial by a jury of his peers. See Christie v. State, 94 Fla. 469, 114 So. 450. The organic provision that the right of trial by jury shall be secure to all, and remain inviolate forever is among those provisions which are designed to protect the secured rights of persons against unconstitutional invasion by the State, as well as from violation by any other governmental invasion by the

State, as well as from violation by any other governmental agencies and individuals. See Spafford v. Brevard County, 92 Fla. 617, 110 So. 451.

The judgment appealed from is hereby affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

TERRELL, C. J., concurs in opinion and judgment.

Justices BUFORD and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.