## W. T. NORRIS v. STATE OF FLORIDA

8 So. (2nd) 493                                        Division A
June 5, 1942

D. W. Berry, for appellant.

J. Tom Watson, Attorney General, Millard B. Conklin, Assistant Attorney General, and Woodrow M. Melvin, Special Assistant Attorney General, for appellee.

BUFORD, J.:

On appeal we review judgment of conviction under an information in two counts, the first charging the breaking and entering of a building with intent to commit a felony, and the second charging grand larceny.

Appellant presents five questions which we are requested to determine. They are as follows:

"1. Does the evidence in this case make out a prima facie case sufficient to go to the jury?

"2. Should the Court have directed a verdict?

"3. Did the Court have the right to call the jury back after they had retired to consider of their verdict and recharge them on either the facts or the law involved in the case, after the jury had advised the Court that the reason that they had been deliberating was a question of fact?

"4. Were the remarks on the part of the County Solicitor prejudicial to the fair administration of justice in his argument to the jury, consisting of the following words, to-wit: 'We have to make it safe for night watchmen in this county against such characters of this (pointing his finger at the plaintiff)'?"

"5. Should the court have required the County Solicitor to elect which ground he relied upon?"

We have examined the evidence submitted in this case and find that the propriety of the conviction hangs upon the testimony of a night-watchman who positively identified the defendant as one of the men whom he saw run from the building where the crime is alleged to have occurred to the edge of the dock which extended into Pensacola Bay and whom he saw jump from the dock into the Bay and whom he saw and talked to under the glare of his flash-light while the accused was in the waters of the Bay and asking him for help. As against this evidence the defendant attempted to establish an alibi. The alibi was strong in many respects but it was not sufficient to warrant us in saying that it was so convincing as

to require a reversal of the judgment here under consideration.

The sufficiency of identification was discussed by us in the case of Beck, et al., v. State, 142 Fla. 524, 195 Sou. 143. Under the rule there stated we must reach the conclusion that in this case, as reasonable men, the jury could have found the verdict rendered upon the evidence.

What we have said above is sufficient to show that the trial court did not commit error in declining to direct verdict for defendant.

As to the third question, the record does not disclose, except by reference in motion for new trial, which motion is not self-proving (See Shultz v. State, 131 Fla. 757, 179 Sou. 764) that the trial court indulged in the action complained of. If, however, the matter complained of was made to appear by the record it would not indicate reversible error. See Lindsey v. State, 67 Fla. 111, 64 Sou. 501, Sec. 221 Fla. Criminal Procedure Act, Chapter 19554, Acts of 1939.

The fourth question may not be considered because the record fails to reflect the existence of the matter complained of. The alleged improper remarks of the County Solicitor may be inferred only from allegation of the unverified motion for new trial. Such allegations so made are insufficient to present the contention for our determination. See Shultz v. State, supra.

Under the fifth question the appellant contends that the State should have been required to elect which charge of the information it would rely upon for conviction. The contention is not sound. It was proper for the trial court to refuse to require the

State to abandon either count. The two counts related to the same transaction and, while they charge different offenses, evidence which may prove one count may sufficiently establish the other to warrant conviction of both. See Kearson, et al., v. State, 123 Fla. 324, 166 Sou. 832, and cases there cited.

No reversible error being made to apear, the judgment should be and is affirmed.

So ordered.

BROWN, C. J., WHITFIELD and ADAMS, JJ., concur.