Andrew Austin was convicted of murder in the second degree, and he appeals.
Affirmed.
In November, 1947, a grand jury of Jackson County, Florida, returned an indictment in two counts against Andrew Austin charging murder in the second degree on the 9th day of July, 1947, in Jackson County, Florida, by inflicting with a deadly weapon on the head of Marvin Morse mortal wounds, thereby causing his death. The defendant-appellant was placed upon trial and a jury, after hearing all the testimony, instructions of the court and argument of counsel, returned a verdict of guilty of murder in the second degree, as charged in the second count of the indictment. The trial court denied a motion for a new trial and sentenced the defendant-appellant to the State Prison at hard labor for a period of twenty years. An appeal therefrom has been perfected here. *Page 897 
The record discloses that counsel for the defendant, after all testimony had been adduced by counsel for the respective parties, moved the court for an order on various grounds, to require the State of Florida to elect between the two counts of the indictment it relied upon for a conviction. The trial court denied the motion and it is contended here that this ruling is prejudicial to the rights of the appellant. The case of Duke v. State, 132 Fla. 865, 185 So. 422; Id., 134 Fla. 456, 185 So. 422, is cited to sustain the contention. The information against Duke charged the crime of arson and consisted of three counts. The first count alleged ownership of the building burned in Paul Duke. The second count alleged ownership of the building in Cleo Duke; while the third count alleged ownership of the burned building in Harold Duke.
We held that the granting or refusal of the motion to compel the prosecution to elect as to which of several counts it will proceed on is within the sound judicial discretion of the trial court. A defendant in a criminal case is not entitled to an order, as a matter of right, at the commencement of a criminal case, to require the State of Florida to elect between counts of an indictment it will rely upon. Where several counts set forth the same charge in different ways to meet the evidence or different means of commission of the same offense or the same act as different degrees of the same offense, meet the law's requirements. The order complained of in this case is not erroneous in light of the fact that the two counts charge the same offense but only in different forms. See Tidwell et al. v. State, 143 Fla. 397, 196 So. 837.
Counsel for appellant seasonably presented in writing several charges or instructions and requested that the same be given or read to the jury. The trial court read some of the instructions but refused or declined to give or read others, which appear in the record as refused charges numbered 2, 3, 4, 5 and 6. Requested charge No. 2 was on the question of circumstantial evidence in criminal cases. Requested charges Nos. 3, 4 and 6 embraced the law of reasonable doubt in criminal cases or some phase or phases of the law of reasonable doubt. Requested charge No. 5 was viz.: "The defendant in this case is presumed to be innocent, and the presumption remains with him through every stage of the case until such presumption is removed by credible evidence until you are satisfied beyond a reasonable doubt that he is guilty."
We have on many occasions held that it is the duty of a trial court to instruct the jury on the law applicable to the facts proven. Rawlins v. State, 40 Fla. 155, 24 So. 65. When passing upon a single requested instruction, such instruction must be considered in the light of all other instructions given by the trial court bearing on the same subject. Greiper v. Coburn,139 Fla. 293, 190 So. 902. The entire charge of the court or the entire portion of it bearing on a subject must be considered in determining whether the requested charge is free from error. Tampa Shipbuilding Engineering Corp. v. Adams, 132 Fla. 419,181 So. 403, 893.
The record discloses that on the question of circumstantial evidence the trial court instructed the jury, viz.:
"I charge you in this case the state relies on circumstantial evidence. Circumstantial evidence is proper evidence and is admissible in criminal cases; but the value of circumstantial evidence depends upon the conclusive nature and tendency of the circumstances relied on to establish any controverted fact. That means it must not only be consistent with guilt but inconsistent with innocence. Such evidence is insufficient where, assuming all to be proved which the evidence tends to prove, some other reasonable hypothesis of innocence may be true, for it is the actual exclusion of every other reasonable hypothesis but that of guilt which invests mere circumstances with the force of proof.
"What circumstances will amount to proof can never be a matter of general definition. The legal test is the sufficiency of the evidence to satisfy the understanding and conscience of the jury. Absolute metaphysical and demonstrative certainty is not essential to proof of circumstances. It is sufficient if they, with other evidence, *Page 898 
produce moral certainty to the exclusion of every reasonable doubt".
The trial court's charge on the law of reasonable doubt is, viz.:
"To that charge, contained in those two counts in this indictment, the defendant has entered a plea of not guilty. The effect of that plea is to place the burden of proof upon the state to prove the defendant's guilt and every material element constituting his guilt by evidence which will convince the jury beyond a reasonable doubt that this charge is true and the defendant is guilty. The defendant comes into court with the presumption of innocence in his favor. He is presumed to be innocent of any crime until his guilt is established by evidence beyond a reasonable doubt.
"Now a reasonable doubt is not a mere flimsy, shadowy doubt, amounting to a mere possibility that the defendant is innocent, but it is such a substantial doubt in the minds of the jury, arising out of the evidence in this case, that after you have heard all the testimony in the case and given it a full and fair consideration, you cannot say you have an abiding conviction to a moral certainty of the truth of this charge."
It is our view and our holding that the charge or charges as given by the trial court on (a) the presumption of innocence; (b) circumstantial evidence; and (c) the charges as to reasonable doubt were sufficient to safeguard the rights of the appellant and his refusal to give the requested charges supra was not erroneous.
It is next contended that the evidence adduced by the State of Florida in the court below was not legally sufficient to sustain the verdict and judgment of murder in the second degree nor any other degree of homicide. Counsel for the State on this point contends that the disputes and conflicts in the testimony, under our judicial system, were for the jury to decide, under appropriate instructions by the trial court. Likewise, would the jury accept as true the testimony offered by the State or that adduced by the defendant? The State contended that the appellant struck Marvin Morse over the head with a black jack, inflicting mortal wounds, in the City Jail at Marianna in the late afternoon of July 9, 1947.
The record discloses that the appellant and another policeman arrested Marvin Morse and Ernest Padgett and placed them in separate cells in the City Jail. Morse was released about 10:00 o'clock the following day. Several witnesses testified that his clothes and shoes were bloody; he had knots about his head; his eyes were black and bloody; his nose was bruised; his false teeth were broken in half; one of his false teeth was driven into the upper gum, and his head was badly swollen. Marvin Morse was 45 years of age and weighed between 115 and 120 pounds. The effect of the medical testimony is that Marvin Morse died of a fractured skull on September 8, 1947. It is the State's contention that the appellant beat the deceased over the head with his black jack in the City Jail at Marianna. The reason given for beating him was that the deceased cursed the officer. The defendant contended that he did not curse or beat the deceased but the fractured skull was obtained in a fall against the floor of the Jail when he was locked in a cell.
Officer Davidson locked Andrew Padgett in one cell of the City Jail, while Officer Andrew Austin locked Marvin Morse in another. The construction of the interior of the Jail prevented Padgett from seeing Andrew Austin strike Morse, but he heard several licks or blows and recognized Marvin's groans. He heard Morse say, "Don't hit me any more." "What are you doing? Trying to kill me?" Morse, in a beaten and bruised condition, was transferred to Padgett's cell on the following morning. The testimony of other State witnesses corroborated Andrew Padgett's testimony.
The defendant testified that Morse fell and struck his head against the floor of the jail. Other witnesses in his behalf strongly corroborated different phases of the appellant's testimony as to what occurred in the City Jail around 7:00 o'clock P.M., July 9, 1947. Evidence was offered to show that Andrew Padgett was drunk *Page 899 
when placed in Jail and his testimony unworthy of belief. Stanly Morse asked the defendant why he black-jacked and beat his brother, Marvin Morse, and he replied, "He cursed me". Austin denied making the statement.
We are not authorized under the law to substitute our judgment and conclusions for those of a jury. It is not what we think the jury ought to have done or what we may think we would have done had we been sitting as jurors in the case, but whether as reasonable men the jury could have found such verdict upon the evidence. If there is evidence in the record to sustain all the essential elements of the crime, then it becomes a question for the jury, under appropriate instructions. Bullard v. State,95 Fla. 997, 117 So. 381. We fail to find error in the record.
Affirmed.
ADAMS, C.J., and SEBRING and HOBSON, JJ., concur.