WARREN, Associate Justice.
Appellant was convicted of murder in the first degree of J. M. Hicks and sentenced to death.
The two questions presented by appellant related to the sufficiency of the evidence, and the propriety of the closing argument of the state attorney.
The body of the deceased was found early in the morning on a path between the railroad and the waterworks in the city of Apalachicola. He had been shot in the hack with a shotgun and bludgeoned about the head. Appellant made a confession in which he admitted he took part in a plan to shoot and rob Hicks, but claimed that another, Henry Brown, fired the gun. The substance of the confession was that he knew Hicks carried a good bit of money on him; that he and Brown planned the crime the day before, that he was to watch for Hicks and Brown was to shoot him, and that thereafter they were to rob him; that after Brown shot Hicks, appellant “grabbed” the money and went home with it. A large sum of money was subsequently located at appellant’s home. In his confession appellant also fixed the time of the shooting by stating “It wasn’t hardly 9:00 o’clock.” This was shortly after the time the wife of deceased approximated he left home and shortly after the time a night watchman testified he saw Hicks alive going down the railroad. Another witness who resided near the scene said she heard a shot which sounded like a shotgun at 9:10 o’clock. See Lewis v. State, 157 Fla. 77, 24 So.2d 797.
It was established by the state that Henry Brown was at a crab factory during all of these times and, while it was shown that appellant had a shotgun available to him and was in possession of one on the night involved, Brown’s shotgun was in pawn at the time of the murder.
Evidence was offered that several weeks before, Hicks, who was a railroad foreman and under whom appellant worked, had discharged appellant from his employment ; that subsequently Hicks, who was in possession of appellant’s pay check, procured the sheriff to go with him to get appellant to indorse the check so that deceased could obtain from appellant fifty dollars which appellant owed deceased.
Many witnesses were heard and there was ample substantial evidence for the jury to find that appellant had a motive to commit the crime and was the sole participant therein.
 Appellant’s contention on the second question is that the state attorney improperly in his closing argument referred to the appellant’s past criminal record. The argument of the state attorney does not appear in the record, except for what is shown in the motion for new trial, hut such motion is not self proving. The court is *915 unable therefore to review the question. Norris v. State 150 Fla. 686, 8 So.2d 493; Holloman v. State, 140 Fla. 59, 191 So. 36; Hulst v. State, 123 Fla. 315, 166 So. 828.
■We have examined and considered the record in this case in the light of briefs filed and have also, pursuant to subpara-graph 2 of Section 924.32, Florida Statutes 1941, and F.S.A., reviewed the evidence to determine if the interests of justice require a new trial, with the result that we find no reversible error is made to appear and the evidence does not reveal that the ends of justice require a new trial to be awarded.
The judgment appealed from is affirmed,
ROBERTS, C. J., and TERRELL, THOMAS, SEBRING and MATHEWS, JJ., concur.
DREW, J., not participating.