PER CURIAM.
The appellants, as defendants in the court below, were charged through an information with the larceny of a bull, being the property of one Earl Hendry. The defendants waived a jury trial, and the case was thereupon tried by the judge of the circuit court of Collier County. They were found guilty as charged and sentenced to a term of two years in the state prison.
Primarily, the point of this appeal, urged by the appellants, is that the evidence introduced by the state was insufficient to overcome the presumption of innocence afforded to them under the law because the state had failed to satisfactorily prove the ownership and identity of the bull as charged in the information. The appellants otherwise make no attack on the sufficiency of the evidence as the same concerns the offense.
In the case at bar, trial by, jury having been waived, the circuit judge served as both the trier of the facts and the arbiter of the law. The judge saw the witnesses and heard their testimony. He resolved the conflicts of testimony' and passed upon the credibility of the witnesses. Where a case is tried by a circuit judge upon waiver of a jury, the judge’s determination is entitled to the weight of a jury verdict before a reviewing court. 'And where there is in the record legal evidence by competent witnesses of every essential element of the offense charged, contradictions of such evidence by other witnesses will not require a reversal of a judgment or conviction because of the alleged insufficiency of the evidence to support the verdict. Farley v. State, 1924, 88 Fla. 159, 101 So. 239; and Peele v. State, 1944, 155 Fla. 235, 20 So.2d 120.
The trial judge found ample evidence to sustain all of the essential ele *258 ments of the crime and our study of the record sustains his judgment.
There is mention of lack of proof of venue. This is belatedly presented and was not raised in the trial court either during the course of the trial or in the motion for new trial. It was not raised through any assignment of error. For the first time it was raised in the brief of the appellants. Notwithstanding this, our examination reveals there is no merit to this contention.
We find no error, and each judgment and sentence is accordingly affirmed.
Affirmed.
KANNER, Acting C. J., SHANNON, J., and WARREN, LAMAR, Associate Judge, concur.