SMITH, D. C., Associate Judge.
The appellant was informed against on the charge of handling and fondling a female child under the age of fourteen years, in a lewd, lascivious and indecent manner. He pled not guilty, was tried by a jury and found guilty. This appeal is taken from a judgment of conviction and sentence of six months to three years confinement.
The appellant has filed twelve assignments of error attacking the lower court’s denial of motions and entry of judgment on the grounds insufficiency of evidence and prejudicial remarks allegedly made by the state attorney during closing argument and in his brief sets out eighteen points on appeal pertaining to such grounds.
It is strenuously argued that under the evidence, appellant could not have been the person who committed the alleged crime because he was in another house at the critical time on the day in question. It is apparent from the verdict that the jury was not impressed with the evidence tending to show that the defendant was not at the situs of the offense when it occurred. There is ample competent evidence to support the verdict.
Appellant seeks reversal because of prejudicial remarks made by counsel for the State during the closing argument, but the record does not contain the text of the closing arguments or the portions thereof objected to, except as they appear in the motion for new trial. In Brooks v. State, *112 Fla.1953, 64 So.2d 914, the Court stated that appellant’s contention on the second question is that the state attorney improperly in his closing argument referred to the appellant’s past criminal record. The argument of the state attorney does not appear in the record, except for what is shown in the motion for new trial, but such motion is not self proving. The court is unable therefore tO' review the question. Norris v. State, 150 Fla. 686, 8 So.2d 493; Holloman v. State, 140 Fla. 59, 191 So. 36; Hulst v. State, 123 Fla. 315, 166 So. 828.
The judgment appealed from is affirmed.
SHANNON, C. J., and KANNER, J., concur.