132 So.2d 763 (1961)
Ray EIZENMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 60-633.
District Court of Appeal of Florida. Third District.
September 11, 1961.
Rehearing Denied October 3, 1961.
Martin Lemlich and L.J. Cushman, Miami, for appellant.
Richard W. Ervin, Atty. Gen., and David U. Tumin, Asst. Atty. Gen., for appellee.
Before PEARSON, TILLMAN, C.J., and HORTON and HENDRY, JJ.
HENDRY, Judge.
The appellant, as defendant in the court below, was charged through an information with grand larceny of $7,845.59 belonging to Inter-City Finance Corporation, a Florida corporation. The bill of particulars alleges that the defendant committed the crime of grand larceny by appropriating *764 to her use and benefit said sum, at a time when defendant had in her custody and control, as an officer of the Inter-City Finance Corporation, the bank account of said corporation, said monies having been appropriated to her use and benefit by means of a check signed by her, drawn on the account of the corporation.
The defendant pleaded not guilty and waived trial by jury. The case was thereupon tried by a judge of the Criminal Court of Record in and for Dade County. She was found guilty of grand larceny and sentenced to a term of three years in the state penitentiary and that she pay a fine of $1,000. In default of such payment she was to be imprisoned for an additional one year.
The question for determination on appeal is whether or not the evidence was sufficient to sustain a conviction of the crime of grand larceny.
It is contended by the defendant that the evidence adduced on the part of the state was insufficient to prove any felonious intent on the part of the defendant or to prove that the corporation was actually deprived of any of its funds.
These were two of the essential elements of this offense. It was the state's burden to prove, beyond a reasonable doubt, each of these elements.
Defendant having waived jury trial made the judge the trier of the facts and the arbiter of the law. It, thereupon, became his duty to weigh the testimony and the credibility of the witnesses. Where there were conflicts in the testimony it was within the province of the judge to reject any testimony he found to be untrue and to accept and rely upon such testimony as he found to be worthy of belief. The trial judge found that the evidence sustained all essential elements of the crime and that such evidence was sufficient to sustain the conviction and sentence.
Upon an examination of all the evidence appearing in the record, if it appears that the essential elements necessary to constitute the crime clearly appear therein, even though conflicts appear therein, an appellate court will not interfere with the conclusions of the trial judge. His determination is entitled to the weight of a jury verdict before an appellate court. See Farley v. State, 88 Fla. 159, 101 So. 239; Dixon v. State, 143 Fla. 277, 196 So. 604; Peele v. State, 155 Fla. 235, 20 So.2d 120; Smith v. State, La. App. 1960, 118 So.2d 257.
The record has been carefully examined and the evidence is found sufficient to support the judgment and sentence.
Affirmed.