HENDRY, Judge.
The appellant-defendant was charged with the offense of practicing dentistry without having first obtained and recorded a certificate from the Florida State Board of Dental Examiners, in violation of Sec. 466.-02 Fla.Stat., F.S.A.[1] The defendant was arraigned in the Criminal Court of Record for Dade County, pleaded not guilty and waived his right to a jury trial. Thereafter the defendant was tried and found guilty as charged. The defendant’s motion for a new trial was denied and a sentence of 60 days in the County Jail was imposed, *746 This appeal is from that judgment and sentence.
It appears from the record that the state’s principal witness, Mrs. Myrna Shadron, an investigator for the Florida State Board of Dental Examiners, while making a routine check of dental technicians, telephoned the defendant and asked him about making some dentures for her. Three days later, she went to the defendant’s home and met him for the first time. When she entered the defendant’s home she stated that he told her, “ ‘Well, the first thing I want you to do is sit down in this chair. I want to give you a good talking to before I do any work for you.’ ” After she sat down the defendant said, “ ‘That God Damn dental board and Floyd Miner are laying for me. Before I do any work for you, if you tell anyone I did work for you, and bring anyone, I won’t know you, if you come in with anyone. If those conditions suit you, it will be all right with me.’ ” Mrs. Shadron agreed to the condition that she would not bring anyone. Mrs. Shadron further testified as follows:
“I had taken my lower plate out when I went down there. He disappeared from view in the house and I didn’t see where he went, and he had the wax in his hand. [S]he put the wax in a circle and made the impression with this piece of wax. Then he went out of view from me for the second time, and when he came back he was making a mixture in a bowl to take the impression with, and took the lower impression and the top impression, and all at the same time he was talking me into buying a complete set instead of just the lower, and said the price would be only one hundred dollars; and I agreed to the price, and after he made the two impressions he said, T will call you for your next appointment.’ ”
The defendant testified in his own behalf that Mrs. Shadron came to his house on the 20th of April, 1961, and attempted to induce him to make some dental plates for her but that he refused to do so and told her that he was not in the business of making dental plates. He denied taking an impression with wax or denture trays, tie admitted seeing Mrs. Shadron several weeks later, at which time she again tried to persuade him to make some teeth for her, and he refused. He further testified that he made no appointments with Mrs. Shadron and never called her at any time. The testimony of the defendant amounted to a complete denial of the act charged.
The able and long experienced trial judge who heard this case served as both the trier of the facts and the arbiter of the law. It, thereupon, became his duty to weigh the testimony and the credibility of the witnesses. Where there were conflicts in the testimony it was within the province of the judge to reject any testimony he found to be untrue and to accept and rely upon such testimony as he found worthy of belief. The trial judge found that the evidence sustained all the essential elements of the crime and that such evidence was sufficient to sustain the conviction and sentence.
 Upon an examination of all the evidence appearing in the record, if it appears that the essential elements necessary to constitute the crime clearly appear therein, an appellate court will not interfere with the conclusions of the trial judge. His determination is entitled to the weight of a jury verdict before an appellate court. Farley v. State, 88 Fla. 159, 101 So. 239; Peele v. State, 155 Fla. 235, 20 So.2d 120; Smith v. State, Fla.App.1960, 118 So.2d 257.
The defendant’s next and final contention is that the trial judge committed reversible error in failing to find the accused not guilty by reason of entrapment. We find no merit in this contention.
The defendant interposed no defense of entrapment, but specifically contended that he did not commit any of the acts charged. *747 Having maintained throughout the trial that he did not commit the crime, it logically followed that there could he no entrapment. Neumann v. State, 116 Fla. 98, 156 So. 237.
The record has been carefully examined and the evidence is found sufficient to support the judgment and the sentence.
Affirmed.

. 466.02 Fla.Stat., F.S.A. reads in part as follows:
“466.02 Persons entitled to practice dentistry
“It shall be unlawful for any person to practice dentistry or dental hygiene in the State of Florida, except:
“(1) Those who are now duly licensed and registered dentists, pursuant to law;
“(2) Those who are now duly licensed and registered dental hygienists, pursuant to law; * *