179 So.2d 236 (1965)
Zollie Leroy POLK, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 5131.
District Court of Appeal of Florida. Second District.
October 5, 1965.
Rehearing Denied November 4, 1965.
Jack T. Edmund and Thomas W. Perkins, Lake Alfred, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and Robert G. Stokes, Asst. Atty. Gen., Lakeland, for appellee.
McNULTY, JOSEPH P., Associate Judge.
Appellant was found guilty by a jury verdict of murder in the first degree, with a recommendation of mercy. He raises nine points on appeal, only one of which has merit.
The indictment herein charged premeditated murder, not felony murder. Appellant alleges that the Court erred in refusing defendant's requested Instruction No. II, particularly in view of the fact that *237 the Court did not otherwise cover the subject matter thereof. Defendant's requested Instruction No. II is as follows:
"An essential element of murder in the first degree is premeditated design and in order to constitute murder in the first degree it must be shown and established beyon (sic) every reasonable doubt not only that the accused committed an act which resulted in the death of another human being, but it must be proven that before the commission of the act which results in death that the accused had formed in his mind a distinct and definite purpose to take the life of another human being and deliberated or meditated upon such purpose for a sufficient length of time to be conscious of a well defined purpose and intention to kill another human being, and if then in the execution of such purpose and design he kills another his act is murder in the first degree. It is not necessary that such purpose and intent to kill another human being shall exist for any particular length of time; it is sufficient if between the formation of purpose or intent to kill and the act of killing there elapses enough time that the slayer is fully concious (sic) of a deliberate purpose and intent to kill another human being. If then in pursuance of that purpose and intent he kills another human being, he is guilty of murder in the first degree."
This requested instruction appears to be, substantially, a proper definition of "premeditated design," as it applies to an essential element of murder in the first degree when not committed in the perpetration, or attempted perpetration, of any of the felonies enumerated in our statute 782.04 F.S.A. McCutchen v. State, Fla. 1957, 96 So.2d 152; Larry v. State, Fla. 1958, 104 So.2d 352; Daniels v. State, Fla. 1959, 108 So.2d 755; Mackiewicz v. State, Fla. 1959, 114 So.2d 684. The Trial Court did not, in any instruction, define "premeditated design," although he mentioned it as an essential element of the offense charged in the indictment.
The precise question to be decided here is whether, notwithstanding a specific request, the Court erred in failing to define "premeditated design."
It is the duty of the trial Court to give full instructions governing the entire law of the case as respects all the facts proved, or claimed by counsel to be proved, provided such claim is supported by competent evidence. Witt v. State, 1920, 80 Fla. 38, 85 So. 249; Simmons v. State, 1948, 160 Fla. 626, 36 So.2d 207; Austin v. State, Fla. 1949, 40 So.2d 896. Our Supreme Court, however, in McDonald v. State, 1908, 55 Fla. 134, 46 So. 176, 178, with regard to defining "premeditated design," stated:
"In a criminal prosecution, where a premeditated design is an essential element of the offense, it is not, ordinarily, in the absence of a proper request, incumbent upon the Court to give to the jury a definition of the phrase "a premeditated design." It is presumed that the jury understand the meaning of "a premeditated design." (Italics supplied)
We can concede that the term "premeditated design" is not a term of art. But, nevertheless, the Court's instruction to the jury should state the material elements of the offense charged, and define them, particularly when a definition of each element is requested. McDonald v. State, supra; Croft v. State, 1935, 117 Fla. 832, 158 So. 454; Motley v. State, 1945, 155 Fla. 545, 20 So.2d 798; San Fratello v. State, Fla.App. 1963, 154 So.2d 327.
It is rudimentary, and should require no citation of authority, that the one essential element which distinguishes first-degree murder from second-degree murder is premeditation. The term "design," as mentioned in each of the two degrees, *238 means the specific intent to kill, and in second-degree murder such specific intent may, or may not, be present. The difference is, that in second-degree murder, if it is present, it is not premeditated. Thus, premeditation is the ever-present distinguishing factor; and no doubt should be left in the minds of the jury as to its complete and full legal import. No door should be left open for confusion as to what it means. Without the full and complete definition of premeditation, the jury would have neither an understanding of what they were looking for to determine it, nor what to exclude to reject it.
We conclude, then, that failure to fully define premeditation, particularly when so requested in a case charging murder in the first degree by premeditated design, requires a reversal. The requested instruction should have been given.
Accordingly the cause is remanded for a new trial.
ALLEN, C.J., and SMITH, J., concur.