HEWITT, ROBERT S., Associate Judge.
Appellants appeal from a judgment and sentence entered pursuant to a jury verdict finding them guilty of manslaughter. Appellants and John W. Kirkland were jointly indicted for the first degree murder of Solonger Pace. Kirkland was tried separately and found guilty of second degree murder. Appellants were tried together. The evidence presented indicated Appellants were fighting or arguing with Pace when Kirkland ran up and stabbed Pace. There is evidence in the record upon which the jury could conclude that Appellants and Kirkland combined to commit manslaughter.
According to Appellants’ brief the prosecuting attorney referred to them as "marauders” in his closing argument which was not recorded and is not verified by the record. The silence of the record as to the existence of such alleged statement precludes its review by this Court.
The Florida Supreme Court in Brooks v. State, Fla.1953, 64 So.2d 914, stated:
"[2,3] Appellant’s contention on the second question is that the state attorney improperly in his closing argument referred to the appellant’s past criminal record. The argument of the state attorney does not appear in the record, except for what is shown in the motion for new trial, but such motion is not self proving. The court is unable therefore to review the question. Norris v. State, 150 Fla. 686, 8 So.2d 493; Holloman v. State, 140 Fla. 59, 191 So. 36; Hulst v. State, 123 Fla. 315, 166 So. 828.”
This court has specifically recognized the above rule in Houghton v. State, Fla.App. 1961, 133 So.2d 111.
Appellants also urge as error the refusal of the trial court to give certain jury instructions relating to persons who combine together to commit an unlawful act. On this issue the trial court instructed the jury as follows:
"When several persons combine together to commit an unlawful act, each is criminally responsible for the acts of his associates committed in furtherance or prosecution of the common design, and if several persons combine to do an unlawful act, and in the prosecution of the common object a culpable homicide results, all are alike criminally responsible for probable consequences that may arise from the perpetration of the unlawful act they set out to accomplish. The immediate injury from which death ensues is considered as proceeding from all who are present and as proceeding from all who have abetted the injury done, and the actual perpetrator is considered as the agent of his associate. His act is their act as well as his own, and all are equally guilty.”
*746 The rule is well recognized in Florida that if the subject matter of any requested instruction is covered by the court’s general charge to the jury it is not error for the court to refuse to instruct the jury as requested by Appellants. See Register v. State, Fla.1950, 44 So.2d 73; Spanish v. State, Fla. 1950, 45 So.2d 753; Munn v. State, 158 Fla. 892, 30 So.2d 501.
In the light of the record it must be presumed that the instruction requested by Appellants was covered by the Court in his general charges to the jury.
Affirmed.
SHANNON, A. C.'J., and LILES, J., concur.