BARKDULL, Judge.
The appellant was indicted by the Dade County Grand Jury and charged with the crime of first degree murder committed against his mother. The cause proceeded to a jury trial. The principal prosecuting witness on behalf of the State was one Joel Gebhardt, who was an admitted accomplice in the alleged act and, at the time of the trial, it was brought out that he was promised that, in exchange for his testimony against the appellant, he would not be prosecuted. Following a three-day trial, the jury brought in a verdict of guilty with a recommendation of mercy, whereupon the trial judge sentenced the appellant to life imprisonment. This appeal ensued and counsel has preserved eight points for review. They are listed in the brief, as follows :
“I
“WHETHER, AFTER TWELVE JURORS HAD BEEN SELECTED AND SWORN TO TRY THE CASE, THE DISCHARGE BY THE COURT OF TWO OF SUCH JURORS SOLELY FOR THE PERSONAL CONVENIENCE OF SUCH JURORS CONSTITUTED AN ACQUITTAL OF THE DEFENDANT.
“ÍI
“WHETHER THE DEFENDANT WAS PREJUDICED BY EXCESSIVE PARTICIPATION BY THE COURT IN THE INTERROGATION OF WITNESSES AND BY REMARKS OF THE COURT BEFORE THE JURY WHICH TENDED TO EXPRESS THE COURT’S VIEW AS TO THE WEIGHT OF THE EVIDENCE, THE CREDIBILITY OF THE WITNESS, OR THE GUILT OF THE DEFENDANT.
“Ill
“WHETHER THE COURT ERRED IN INSTRUCTING THE JURY TO THE EFFECT THAT THEY COULD READ NEWSPAPER ACCOUNTS, AND WATCH TELEVISION REPORTS CONCERNING THE TRIAL AND THE OFFENSE CHARGED AGAINST THE DEFENDANT.
“IV
“WHETHER THE DEFENDANT WAS PREJUDICED BY THE STATEMENTS OF THE PROSECUTING ATTORNEY ON VOIR DIRE EXAMINATION OF PROSPECTIVE JURORS TO THE EFFECT THAT THE GRAND JURY HAD CONFERRED IMMUNITY ON THE WITNESS, JOEL GEB-HARDT.
“V
“WHETHER THE EVIDENCE WAS SUFFICIENT TO SUSTAIN THE VERDICT.
*730 «VI
“WHETHER THE DEFENDANT WAS PREJUDICED BY THE TESTIMONY OF A POLICE OFFICER AS TO STATEMENTS MADE BY DEFENDANT DURING AN INTERROGATION CONDUCTED IN THE ABSENCE OF DEFENDANT’S COUNSEL.
“VII
“WHETHER THE COURT ERRED IN NOT READING, VERBATIM, HIS WRITTEN CHARGE TO THE JURY.
“VIII
“WHETHER THE ENTIRE TRIAL ' WAS ATTENDANT WITH SUCH NUMEROUS ERRORS AS TO DEPRIVE THE DEFENDANT OF A FAIR AND IMPARTIAL TRIAL.”
We have examined this record carefully to determine if any of the points urged by the appellant are well taken and whether, in fact, the trial judge committed error in the proceedings before him. From an examination of the record in its entirety we fail to find any error and, in fact, to the contrary it appears that the trial judge bent over backward to see that the defendant was accorded due process of law and a fair trial. We reject each of the points raised by the appellant’s brief, upon the following authorities:
As to Point I, upon the authority of State ex rel. Larkins v. Lewis, Fla.1951, 54 So.2d 199. Also see: Franklin v. State, 149 Ark. 546, 233 S.W. 688. And upon the persuasive reasoning of Justice Frankfurter in Gori v. United States, 367 U.S. 364, 81 S.Ct. 1523, 6 L.Ed.2d 901.
As to Point II, no objection having been made in the trial court, in order to reach this alleged error this court must find fundamental error pursuant to Rule 3.7(i), Florida Appellate Rules, 31 F.S.A. This alleged error we do not believe constituted a fundamental one; however, we have examined it and reject the point upon the authority of Williams v. State, Fla.1962, 143 So.2d 484. Also see: Papalia v. United States, 5th Cir. 1957, 243 F.2d 437.
As to Point III, here again no objection was made in the trial court and no-opportunity was presented to the trial judge to rule on this alleged error. Once again, the appellant must travel on the basis of fundamental error. We do not find that the alleged error would constitute such,, but in examining the complained of instruction, we find that the trial judge adequately complied with § 918.06, Fla.Stat., F.S.A.
As to Point IV, we find that this, point is not well taken upon the authority of Ingram v. Prescott, 111 Fla. 320, 149 So. 369; Peel v. State, Fla.App.1963, 154 So.2d 910; United States v. Ford, 99 U.S. 594, 25 L.Ed. 399. In this connection, see-also: Howard v. State, 60 Ga.App. 229, 4 S.E.2d 418; People v. Savvides, C.A.New York 1956, 1 N.Y.2d 554, 154 N.Y.S.2d 885, 136 N.E.2d 853; Underhill’s Criminal Evidence, 5th Ed., Vol. 1, § 180.
As to Point V, this contention has. been answered adverse to the appellant in Lee v. State, 115 Fla. 30, 155 So. 123; Peel v. State, supra.
As to Point VI, in this point the appellant relies heavily upon the recent supreme court decisions of Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246; Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977. These decisions have specifically been h$ld not to be applicable under the facts of this case in this State. See: Montgomery v. State, Fla.1965, 176 So.2d 331; Myrick v. State, Fla.App.1965, 177 So.2d 845; Moffett v. State, Fla.App.1965, 179 So.2d 408.
As to Point VII, no error has been demonstrated in this particular. The trial judge was specifically authorized, pursuant *731 to § 919.06, Fla.Stat., F.S.A., to recall the jury for instructions and no error is found in this particular. See: Coleman v. State, Fla.1879, 17 Fla. 206; Norris v. State, 150 Fla. 686, 8 So.2d 493; Coggins v. State, Fla.App.1958, 101 So.2d 400.
The eighth and final point urges that the accumulation of errors in Points I through VIII require a reversal. Because of our failure to find reversible error in the first seven points, obviously the eighth point is not well taken.
This court has reviewed the record before the trial court in its entirety and considered the briefs and able argument of counsel for the appellant. But, we have been unable to find any error in the trial proceedings as urged by the appellant, which deprived him of a fair trial or indicated that he was prejudiced in any manner by the conduct of the trial court.
Therefore, we affirm the verdict, judgment and sentence here under review.
Affirmed.