PER CURIAM.
Appellant seeks review of a judgment of conviction and sentence based upon a jury verdict finding him guilty of arson in the second degree.
Appellant was informed against by the county solicitor of Escambia County for the offense of arson. He was represented throughout the proceedings by privately employed counsel of his own choice. After the imposition of sentence appellant was adjudged insolvent and the public defender of the First Judicial Circuit was appointed to represent him on appeal. The public defender filed in this cause a motion for an order permitting him to withdraw as court-appointed counsel for appellant for the stated reason that he had carefully reviewed the record but was unable to discover any error which would justify reversal of the judgment appealed. This motion was denied and the public defender was directed to forthwith prosecute this appeal to a conclusion by filing in this court a transcript of the record and a brief in support of any debatable question for which an appeal might lie. The public defender complied with this court’s directive and filed a *694 brief in which he presents no points for the court’s consideration because none were found as a result of his study of the record.
In an effort to give appellant his day in court on this appeal, we, too, have reviewed the record and transcript of the trial proceedings. The evidence offered on behalf of the State was sufficient to establish that the building in question was burned as a result of arson. The evidence showed that the conflagration was started by lighting gasoline which had been poured in various parts of the premises from a water can found in one of the rooms which was not damaged. A gasoline service station attendant testified that shortly before the fire appellant had purchased gasoline from him and at the same time borrowed the water can which was found on the premises after the fire. The lease occupant of the burned building testified that he and appellant had engaged in an argument during the day of the fire which resulted in appellant being discharged from his employment with the witness. Appellant’s defense consisted of an alibi supported by two witnesses who accounted for appellant’s presence at a place distant from the fire at the time it occurred.
Our review of the record convinces us that appellant received a fair and impartial trial and no grounds exist for reversal of the judgment appealed. The conflict in the testimony between the witnesses produced by the State and defendant was properly resolved by the jury in the exercise of its exclusive function.[1] The judgment reaches this court clothed with a presumption of correctness and must be sustained in the absence of a clear showing of error.[2]
WIGGINTON, Acting C. J., and CARROLL, DONALD K., and RAWLS, JJ., concur.

. Pardon v. State (Pla.App.1963), 153 So. 2d 745.

. 2 Fla.Jur. 671, Appeals, § 314. State v. Herzig (Fla.1968), 208 So.2d 619.