425 So.2d 8 (1982)
Sidney PRIDGEON, Appellant,
v.
STATE of Florida, Appellee.
No. VV-451.
District Court of Appeal of Florida, First District.
June 2, 1982.
Martin S. Page, of Darby, Peele, Page & Bowdoin, Lake City, for appellant.
Jim Smith, Atty. Gen., Gregory C. Smith, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Pridgeon seeks review of his conviction for second degree murder raising three points on appeal, two of which warrant our discussion. First, appellant asserts the trial court erred in instructing the jury on the law of provocation. Second, appellant asserts the trial court erred in failing to reinstruct the jury on the defense instructions after reinstructing the jury on the elements of criminal homicide. We agree with both contentions and reverse and remand for a new trial.
At approximately 2:30 A.M. on August 21, 1979, Pope and his daughter-in-law, Barbara, were awakened by barking dogs. After Pope decided to investigate, he and Barbara heard two shots fired from behind Pope's trailer. Pope had been asked to watch the land located immediately behind his home because some logging equipment parked there had previously been vandalized. After entering Pope's truck, the Popes saw appellant's vehicle on a logging road moving toward a paved road. The Popes pursued the vehicle and parked their truck between appellant's vehicle and the paved road. Shortly before the vehicle began to pass, Pope got out of his truck with a flashlight and shotgun. As the vehicle passed, Pope shined the flashlight in appellant's face and told him to stop. When the vehicle did not halt, Pope fired a shot striking the rear of the vehicle which then rolled to a stop. Subsequently, appellant got out of his stopped vehicle and fired a rifle shot mortally wounding Pope. On August 30, 1979, appellant was indicted for first degree murder. The cause then proceeded to trial. Following the presentation of evidence, the trial court delivered the jury instructions. Over defense objection, the court included an instruction on the law of provocation. After retiring for deliberation, the jury requested additional instructions on the degrees of homicide. When asked whether either party wanted additional instructions, appellant's counsel said, "Always want the defense instructions given as well." The court, however, failed to grant the request. *9 Subsequently, the jury returned a verdict convicting appellant of second degree murder.
The trial court must instruct the jury on all facts claimed to be proved provided the instructions are supported by competent evidence. Polk v. State, 179 So.2d 236 (Fla. 2d DCA 1965). An instruction on the law of provocation is appropriate only where there is evidence the killing resulted from a sudden passion sufficient to render the killer unconscious of his act. Horn v. State, 116 So.2d 654 (Fla. 2d DCA 1960); Olds v. State, 44 Fla. 452, 33 So. 296 (1902). In this case, we find no evidence which could support the trial court's instruction concerning provocation.
Further, where a jury is reinstructed on the degrees of homicide, the defendant is entitled to have the court fully instruct the jury on the applicable defenses. Hedges v. State, 172 So.2d 824 (Fla. 1965); Castor v. State, 365 So.2d 701 (Fla. 1978). The trial court's failure to do so renders the verdict fatal. Accordingly, the conviction and sentence are reversed and the trial court is instructed to grant appellant a new trial.
McCORD and MILLS, JJ., concur.
ROBERT P. SMITH, Jr., C.J., dissents with opinion.
ROBERT P. SMITH, Jr., Chief Judge, dissenting.
I do not think the court's giving of the entire standard charge on justifiable homicide, including the qualification that one who "provokes" the use of force against him cannot justifiably kill in self-defense, was reversible error. The standard charge on justifiable homicide then in common and approved use was wordy and complex, to be sure, but on the whole it was a statement of a defense theory, one central to this trial; and including in that charge a single qualification, that a self-defense killing is not justifiable homicide when the victim's force was "provoked" by the killer, unless certain other circumstances were present also, does not in my opinion vitiate this conviction. I do not think the cases cited in the majority opinion require this parsing of the standard charge. If defense counsel had requested and the court had refused an elaboration of what is meant by the general phrase, "when the accused initially provoked the use of force against him," that would be another case.
Nor do I think reversible error has been shown in the court's repeated instructions to the jury. The jury's request for additional instructions concerned the degrees of murder, not the degrees of homicide, and without objection the trial court's response was directed to that subject. Moreover, counsel's observation before reinstruction, "Always want the defense instructions given as well," was not an adequate request for particular instructions on noncriminal homicides. Castor v. State, 365 So.2d 701 (Fla. 1978). After reinstruction defense counsel had or expressed no further request or objection.
I would affirm.