MILLS, Judge.
In this criminal appeal, Reynolds contends that the trial court erred in refusing to reinstruct the jury on the defenses of voluntary intoxication and self-defense after it had reinstructed the jury on aggravated battery and the lesser included offenses. We affirm.
Reynolds was charged with and tried for the offense of aggravated battery. At the close of the trial, the trial court instructed the jury on the elements of this offense and on all of its lesser included offenses. At Reynolds’ request, the trial court also gave instructions on voluntary intoxication and on self-defense.
The jury then retired and deliberated approximately forty minutes before asking to be reinstructed on the elements of aggravated battery. The trial court reinstructed the jury on aggravated battery and its lesser included offenses, but it refused Reynolds’ request that reinstruction be given on voluntary intoxication and self-defense. Thereafter, the jury resumed deliberation and returned a verdict of guilty as charged.
Citing Pridgeon v. State, 425 So.2d 8 (Fla. 1st DCA 1982), Reynolds argues that the trial court erred when it refused to give the requested reinstructions on voluntary intoxication and self-defense. We cannot agree.
Pridgeon is the most recent in a line of cases beginning with Hedges v. State, 172 So.2d 824 (Fla.1965), holding that when a jury is reinstructed on the offense of manslaughter, the trial court must also rein-struct on justifiable and excusable homicide. The rationale underlying those cases is that the jury must always be given a full and complete instruction on any offense charged. Because the statutory definition of manslaughter specifically excludes those homicides which are justifiable or excusable, a full and complete instruction on manslaughter must necessarily include instructions on justifiable and excusable homicide. See Section 782.07, Florida Statutes (1981).
Those cases do not' hold, as Reynolds urges, that the trial court must always rein-struet on the applicable defenses when it reinstructs on the offense charged. See Henry v. State, 359 So.2d 864 (Fla.1978), where it was held that the trial court did not err in failing to reinstruct on justifiable or excusable homicide when it had rein-structed only on first and second degree murder and not on manslaughter.
Neither the definition of aggravated battery nor that of any of its lesser included offenses excludes acts of self-defense or acts performed while intoxicated. The instruction on aggravated battery was therefore complete, and the trial court did not abuse its discretion in refusing to reinstruct on self-defense or voluntary intoxication.
AFFIRMED.
SHIVERS and ZEHMER, JJ., concur.