COMPTON SHULTZ v. STATE.

179 So. 764.
Division A.
Opinion Filed March 10, 1938.

*Woodrow M. Melvin,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for the State.

BUFORD, J.—The writ of error in this case brings for review judgment of conviction of the offense of breaking and entering with intent to commit a misdemeanor.

A motion for continuance alleges that the accused was brought into open court dressed in the garb of a convict and in chains and, in such condition in the presence of the venire from which to be drawn a jury to serve in his trial, was arraigned and required to plead to the information filed against him.

Motions, though sworn to, are not self-proving, and there is nothing else in the record to show that this condition existed.

Every person is presumed to be innocent of the commission of crime and that presumption follows them through every stage of the trial until they shall have been convicted. It is therefore, highly improper to bring a person who has not been convicted of crime, clothed as a convict and bound in chains, into the presence of a venire or jury by whom he is to be tried for any criminal offense and when such condition is shown by the record to have obtained in many cases it might be sufficient ground for a reversal.

In this case the State relied upon circumstantial evidence for conviction and, without going into the evidence in detail, it is sufficient to say that the record fails to disclose evidence sufficient to satisfy the rule in such cases. In such cases the rule is:

"If the facts in proof are equally consistent with some other rational conclusion than that of guilty, or if the evidence leaves it indifferent which of several hypotheses is true, or merely establishes some finite probability in favor

of one hypothesis rather than another, such evidence cannot amount to proof, however great the probability may be. Parish v. State, 98 Fla. 877, 124 So. 444; Gustine v. State, 86 Fla. 24, 97 So. 207."

See also Lee v. State, 96 Fla. 59, 117 So. 699.

For the reason stated, the judgment must be reversed and it is so ordered.

Reversed.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and CHAPMAN, J., concur in the opinion and judgment.

BROWN, J., concurs in the conclusion.