PER CURIAM.
Appellant Otis Gore appeals his conviction and sentence for the crime of manslaughter and asserts that the trial court committed fundamental error by admitting in evidence his oral confession. Appellant urges that the failure of the law enforcement officers to forthwith carry him before a committing magistrate in accordance with the provisions of Section 901.23, Florida Statutes, F.S.A., renders his oral confession made during the period of his incarceration inadmissible. The state concedes that this defendant remained in jail from the date of his arrest on February 20, 1963 until March 11, 1963 without any charge being placed against him and without his being carried before a committing magistrate; however, it insists that Gore has failed to show any prejudice resulting to him by reason of its failure to comply with said statute.
Were this the first time that the subject statute had been presented to an appellate court with these circumstances clearly delineated, we would be constrained to agree with appellant and hold that the failure of arresting officers to reasonably comply with the provisions of the statute will render an admission or confession against interest during such period of incarceration inadmissible. We think this is the purpose the legislature had in mind in passing such a statute and that a flouting of same by law enforcement officers of this state should not be sanctioned any more than the violation of the criminal laws of this state by those charged with such offenses. However, in view of the decisions rendered by our Supreme Court in Leach v. State, 132 So.2d 329 (Fla.1961), Dawson v. State, 139 So.2d 408 (Fla.1962) and Milton v. Cochran, 147 So.2d 137 (Fla.1962), we have no alternative but to hold that failure to comply with the terms of the subject statute will not, of itself, render an extrajudicial confession inadmissible. In the recent decision of Harris v. State, Fla., 162 So.2d 262, the Supreme Court distinguished between judicial confessions and extra *38 judicial confessions. There Harris was not presented before a committing magistrate prior to the procurement of a confession and the Supreme Court held that the failure of the law officers to take the defendant before a committing magistrate prior to obtaining the extrajudicial confession did not render same inadmissible even though the provisions of the statute were ignored. The Court did hold that a judicial confession taken from Harris violated the due process provisions of the Federal Constitution, and therefore rendered the judicial confession inadmissible.
As to the question of Federal due process the decision of the Circuit Court of Appeals, Fifth Circuit, in Young v. Wainwright, 326 F.2d 255 (1964), has resolved this point against appellant.
Affirmed.
WIGGINTON and RAWLS, JJ., concur.
STURGIS, C. J., specially concurs.