175 So.2d 588 (1965)
James Kelly McCOY, Appellant,
v.
STATE of Florida, Appellee.
James Milton ANDERSON, Appellant,
v.
STATE of Florida, Appellee.
Nos. 5063, 5147.
District Court of Appeal of Florida. Second District.
May 14, 1965.
Rehearing Denied June 9, 1965.
*589 Garrett & Garrett and William H. Taylor, Jr., Tampa, for appellants.
Earl Faircloth, Atty. Gen., Tallahassee, and Robert G. Stokes, Asst. Atty. Gen., Lakeland, for appellee.
SMITH, Chief Judge.
The defendants in these consolidated appeals were jointly tried on an indictment charging first degree murder. They seek reversal of their convictions for second degree murder on the grounds that the trial court erred (1) in refusing to give the jury certain requested instructions chiefly on self-defense; (2) in admitting into evidence over objection certain incriminating statements; and (3) in refusing to declare a mistrial because members of the jury were afforded an opportunity of seeing the defendants handcuffed together in a courtroom corridor while proceeding to the courtroom on the third day of the trial. We find no error and affirm.
The defendants and others proceeded to a certain gasoline service station with the specific intent, plan and purpose of robbing the attendant. The defendant, McCoy, left the defendant, Anderson, and the others waiting in a car parked behind the service station. With a pistol in his pocket McCoy walked toward the station under some trees overhanging the edge of a road. Subsequent events were described as follows in a statement by McCoy which was admitted in evidence and is relied on as furnishing the basis for a claim of self-defense:
"As I came around the corner and into the driveway of the station, I saw the attendant in the center of the driveway and I knew that the robbery could *590 not be committed in the open, so I asked the attendant where his pay phone was at. I [sic He?] waited a minute and pointed to the far corner and said it is over there. At this time I saw him trying to pull something from his right front pocket and he then grabbed his pants leg with his left hand and brought forth a gun in his right hand and in the moment of panic I ran at him and said drop the gun and at the same time was drawing my gun from my right rear pocket. The attendant fired one shot at me and I thought I was shot and I continued to run to his left, or toward the road and begin firing at him at point blank range. I emptied my gun and he staggered away from me toward 43rd St. but had not fallen and looked as if he was continuing to try and turn to bring his gun to bear in my direction. I then ran behind him and back to the waiting car on 43rd St."
A defendant is entitled to have the jury instructed on the law applicable to his theory of self-defense where evidence is introduced which supports that theory. See Motley v. State, Fla. 1945, 155 Fla. 545, 20 So.2d 798; cf. Bagley v. State, Fla. App. 1960, 119 So.2d 400. However, where there is no testimony as to self-defense (Daniels v. State, 1909, 57 Fla. 1, 48 So. 747; Cullaro v. State, Fla.App. 1957, 97 So.2d 40) or where the testimony relied on does not make out that defense (Stinson v. State, 1918, 76 Fla. 421, 80 So. 506) a charge on the subject is not required.[1] Instructions on the law of self-defense need not be given, where, as here, the evidence relied on discloses that the homicide charged was committed in the course of an attempt to commit a robbery. See State v. Burnett, 1956, 365 Mo. 1060, 293 S.W.2d 335, 343,[2] (Cert. denied, 1957, 352 U.S. 976, 77 S.Ct. 367, 1 L.Ed.2d 326); State v. Hamilton, 1935, 337 Mo. 460, 85 S.W.2d 35, 37;[3] Spear v. State, 1931, 184 Ark. 1047, 44 S.W.2d 663, 669;[4] 4 Warren on Homicide (Permanent Edition) § 338; 40 C.J.S. Homicide § 119; cf. Stinson v. State, supra, 76 Fla. 421, 440-442, 80 So. 506, 512-513.[5] *591 Since McCoy did not surrender, flee or otherwise manifest to the deceased an intention of abandoning the attempted robbery, his secret intention to do so is immaterial. See State v. Hamilton, supra, and State v. Stinson, supra. See also Padgett v. State, 1898, 40 Fla. 451, 457, 24 So. 145, 147.[6] For this and other reasons apparent on the face of the statement relied on by the appellants the court did not err in refusing to give the instructions requested on self-defense and related matters.
The defendants' contention that McCoy's foregoing statement was improperly admitted as evidence cannot be sustained. The trial court committed no error or abuse of discretion in excepting the state's attorney from the operation of the rule excluding prospective witnesses from the courtroom.[7] The defendants' contention that a previous statement was obtained by improper means raised an issue of fact which was resolved against them on the basis of substantial competent evidence. The fact that McCoy was not expressly advised of his rights respecting consultation with an attorney and the fact that the statement was obtained during a period of confinement which preceded his appearance before a committing magistrate do not of themselves render the statement inadmissible. Young v. State, Fla. 1962, 140 So.2d 97; Young v. Wainwright, 5 Cir.1964, 326 F.2d 255.[8]
The record indicates that members of the jury may have seen the defendants handcuffed together in a courtroom corridor while being escorted to the courtroom on the third day of the trial. The incident apparently was momentary and inadvertent. Furthermore, members of a jury know that bail is not obtainable as a matter of right in all capital cases[9] and that a sheriff has the right to handcuff persons in custody for murder while bringing them to and from a courtroom. Under the circumstances the trial judge did not abuse his discretion in refusing to declare a mistrial. 14 Am.Jur., Criminal Law, § 132; 23 C.J.S. Criminal Law, § 977. Compare dictum in Shultz v. State, 1938, 131 Fla. 757, 179 So. 764 (where it was alleged that the accused was brought into open court dressed in the garb of a convict and in chains and was required *592 to plead to the information in the presence of the venire from which his jury was to be drawn).
Since the points raised by these appeals have been thoroughly and ably briefed by the parties, we dispense with oral argument even though requested by the appellants. Affirmed.
SHANNON and WHITE, JJ., concur.
NOTES
[1] In Hopson v. State, 1936, 127 Fla. 243, 168 So. 810, where the accused's theory was accident or misfortune and there was no evidence supporting a theory of self-defense, the giving of a charge on that subject was held to be reversible error. In State v. Staley, Fla.App. 1957, 97 So.2d 147, a circuit court reversed the judgment and sentence of a lower court on the sole ground that the lower court had erred in not submitting the matter of self-defense to the jury. This court quashed the order and judgment of the circuit court because there was no basis in the testimony for that defense.
[2] "It was immaterial that the shot may have been fired unintentionally or by accident."
[3] "There was no abandonment, request for peace, or surrender communicated to the deceased. Defendants' efforts were directed toward the accomplishment of the robbery or their escape without apprehension. They were admitted felons, engaged in attempted robbery by means of dangerous and deadly weapons, and brought on the combat in an effort to accomplish the crime. Deceased had the legal right to defend himself and his place of business against defendants' felonious acts. * * * The plea of self-defense may only be asserted against an unlawful attack. * * *"
[4] "The proof shows that the killing occurred while the slayer was engaged in the perpetration of a robbery. It is well settled that one who, while in the actual perpetration of a felony by violence, kills another person who is attempting to prevent the felony, cannot plead self-defense. * * * This would be true even though the person attempting to prevent the felony, and who was killed, began firing first. * * *"
[5] "* * * The attempt [to arrest without warrant on a charge of carrying concealed weapons] amounted to an assault and even battery upon the deceased. In such case, the defendant could not invoke the law of self-defense * * * until he had abandoned the difficulty, shown unmistakenly his good faith in retiring from it, and that he fired the shot only when under the circumstances a reasonably prudent and cautious man would have done so in the belief that it was necessary to save his own life or himself from great bodily harm. * * *"
[6] "The law is well settled that where a party is himself at fault, and provokes the difficulty, he cannot justify killing his assailant in the affray that he himself has brought about, unless he in good faith withdraws from the combat in such manner as to show his adversary his intention in good faith to desist. * * *"
[7] West v. State, 1942, 149 Fla. 436-437, 6 So.2d 7 ("The exclusion of the attorney, the two deputies and the County Judge from the operation of the rule was a matter addressed to the sound judicial discretion of the trial court * * *."); Gillespie v. State, 1952, 215 Miss. 380, 61 So.2d 150, 154 ("* * * the court committed no error in permitting the county attorney to testify as a witness in the case after he had remained in the courtroom and had heard a part of the testimony of the other witnesses."); 23 C.J.S. Criminal Law, § 1011. See also Spencer v. State, Fla. 1961, 133 So.2d 729 (no abuse of discretion committed in excluding two deputy sheriffs from operation of sequestration rule) (cert. denied, 1962, 369 U.S. 880, 82 S.Ct. 1155, 8 L.Ed.2d 283).
[8] Haynes v. Washington, 1963, 373 U.S. 503, 83 S.Ct. 1336, 10 L.Ed.2d 513 and Escobedo v. State of Illinois, 1964, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, relied on by the defendants, are distinquishable. Note the distinguishing features stated in Turvey v. State, Fla.App. 1965, 174 So.2d 609, Case No. G-49, opinion filed April 29, 1965 by the First District. The rule of McNabb v. United States, 1943, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819, also relied on by the defendants, has not been adopted in Florida. Milton v. Cochran, Fla. 1962, 147 So.2d 137; (cert. denied, 1963, 375 U.S. 869, 84 S.Ct. 88, 11 L.Ed.2d 95); Gore v. State, Fla.App. 1964, 163 So.2d 37.
[9] See Allen v. State, Fla. 1965, 174 So.2d 538, Case No. 33,342, opinion filed April 14, 1965.