**UNITED STATES of America ex rel. William DIAMOND**

v.

**SOCIAL SERVICE DEPT. et al.**

**Civ. A. No. 41271.**

United States District Court
E. D. Pennsylvania.

Feb. 16, 1967.

William Diamond, pro se.

Frank P. Lawley, Jr., Deputy Atty. Gen., of Pennsylvania, Harrisburg, Pa., Edward G. Bauer, Jr., City Sol., Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

JOHN W. LORD, Jr., District Judge.

Plaintiff is an inmate of the State Correctional Institution at Graterford. On October 5, 1966 he filed an *in forma pauperis* Civil Rights Act complaint listing various prison officials as defendants. Upon the motion of defendants, the complaint was dismissed by this Court on January 3, 1967 for failure to state a claim upon which relief could be granted, pursuant to Fed.R.Civ.P. 12(b) (6). On January 18, 1967 the plaintiff forwarded to this Court four packets of additional materials, indicating that he had been denied access to this Court in his attempts to amend his complaint.

■■ Prisoners are clearly entitled to the protection afforded by the Civil Rights Act. 42 U.S.C.A. § 1983. Cooper v. Pate, 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030 (1964); Brown v. Brown, 368 F.2d 992 (9th Cir. 1966). Courts have adopted a practice of making all reasonable efforts to see that a prisoner's complaint will not fail entirely " * * * because he misconceives the nature of the proceeding or mislabels his petition." Roberts v. Pegelow, 313 F.2d 548, 550 (4th Cir. 1963). See also, Richey v. Wilkins, 335 F.2d 1 (2nd Cir. 1964); Kregger v. Posner, 248 F.Supp. 804 (E. D.Mich.1966); United States ex rel. Henson v. Myers, 244 F.Supp. 826 (E.D. Pa.1965). To date, plaintiff has filed over one hundred and forty handwritten pages of complaints and petitions with this Court. These materials, replete with involved legal citations from every conceivable source, allude, from time to time, to plaintiff's continuing psychotic problems, such as "hearing voices." However, upon a careful review of all the materials supplied to this Court to date, plaintiff has raised two meritorious contentions: that his right to a fair trial had been jeopardized by an intentional withholding of his civilian clothing by prison officials who compelled him to stand trial in his prison uniform and that his access to this Court has been blocked. Of course it is presently impossible for this Court to assess the truthfulness of plaintiff's contentions in the present posture of the case. Clarification will have to await trial or a motion for summary judgment supported by affidavits.

Plaintiff has requested the assistance of nearly every legal and equitable power of this Court from injunction, habeas corpus and damage actions to innumerable hybrid proceedings which would be pointless to further catalogue. This Court will deny plaintiff leave to proceed *in forma pauperis* on all these matters now pending, with the exception that plaintiff will be granted leave to file an amended complaint in a manner that will be indicated below.

■■ Plaintiff's contentions can be categorized as complaining of a deprivation of his constitutionality protected civil rights by state officials. Such complaints are properly brought under 42 U.S.C.A. § 1983, which states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State * * * subjects, or causes to be subjected, any citizen of the United States * * * to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Jurisdiction exists in this Court under 28 U.S.C.A. § 1343(3). The purpose of this legislation is to allow redress in a federal court for the tortious deprivation, by any state official, acting under color of state authority, of a right secured by the Fourteenth Amendment. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed. 2d 492 (1961). In *Monroe*, Mr. Justice Douglas summarized the purpose of this legislation as follows:

> It is abundantly clear that one reason the legislation was passed was to afford a federal right in federal courts because, by reason of prejudice, passion, neglect, intolerance or otherwise, state laws might not be enforced and

the claims of citizens to the enjoyment of rights, privileges, and immunities guaranteed by the Fourteenth Amendment might be denied by the state agencies. Id. at 180, 81 S.Ct. at 480. As heretofore stated, this Court granted the defendant's motion to dismiss for failure to state a claim upon which relief could be granted. The order was entered on January 3, 1967. In the light of a reassessment of plaintiff's contentions, by reason of the additional information furnished the Court, especially with the serious allegation of blocking plaintiff's access to this Court, the entering of an order of dismissal at this time is untimely. In any event, " * * * even where the motion is granted, as where a complaint is dismissed for failure to state a claim on which relief can be granted, the party has the right to file an amended pleading as of course, though this right must be exercised in a reasonable time." Wright, Federal Courts § 66, p. 239 (1963). The motion to dismiss for failure to state a claim should not be granted unless it appears, with certainty, that a plaintiff would be entitled to no relief under any state of facts which he could prove in support of his claim. See, 2 Moore, Federal Practice ¶ 12.08 (2 ed. 1965, Supp. 1966). This district has held that:

> All that is necessary to prevent the dismissal of a Complaint brought under 42 U.S.C.A. § 1983 is that it allege facts constituting a deprivation under color of state authority of a right guaranteed by the Fourteenth Amendment. Roberts v. Trapnell, 213 F. Supp. 49, 50–51 (E.D.Pa.1962). Accord Cohen v. Norris, 300 F.2d 24 (9th Cir. 1962).

■ On the basis of the authorities listed above, outright dismissal of plaintiff's complaint for failure to state a claim upon which relief could be granted would be improper. It is not open to serious dispute that in the present case the defendants were acting under color of state authority. (See, Roberts v. Pepersack, 256 F.Supp. 415, 422 (D. Md.1966), a case noteworthy for thorough discussion and exhaustive compilation of § 1983 authorities.) The critical issue facing this Court at this juncture involves the second essential element for adequately demonstrating a claim under § 1983—whether the defendants have deprived the plaintiff of a right secured by the Fourteenth Amendment. As a guideline to assist in determining whether a Fourteenth Amendment right has been denied, one court has suggested that:

> The measure of a citizen's constitutional rights is not left to the determination of the community-at-large. It is determined by the courts. If that standard has not yet been enunciated by a court in a manner which makes its applicability to the incident at hand clear, the potential defendant cannot be expected to conform his conduct to it. Bowens v. Knazze, 237 F.Supp. 826, 829 (N.D.Ill.1965).

The guideline suggested by the court in *Bowens* will be adopted in evaluating the specific contentions advanced by plaintiff here.

■ Initially, plaintiff alleges that he was compelled to stand trial while wearing his prisoner's uniform, with his prison number emblazoned across the front of his shirt. He further alleges that his civilian clothing had been delivered to the prison by his family, but that the defendants arbitrarily refused to turn his clothing over to him. The right to wear civilian clothing at trial has been summarized in 21 Am.Jur.2d, Criminal Law § 239 "Trial of Defendant in Prison Garb" (1965, Supp. 1966) as follows:

> Since the defendant, pending and during his trial, is still presumed innocent, he is entitled to be brought before the court with the appearance, dignity, and self-respect of a free and innocent man, except as the necessary safety and decorum of the court may otherwise require. He is therefore entitled to wear civilian clothes rather than prison clothing at his trial. It is improper to bring him into the presence of the jury which is to try him, or the venire from which his

trial jury will be drawn, clothed as a convict.

The supporting authorities listed are: Eaddy v. People, 115 Colo. 488, 174 P.2d 717 (Colo.1946); Collins v. State, 70 Okl.Cr. 340, 106 P.2d 273 (1940); Schultz v. State, 131 Fla. 757, 179 So. 764 (1938). These authorities clearly support the view that an appearance before a *jury* in prison garb prejudices a defendant's constitutional right to a fair trial. Prejudice is heightened in a jury context. Cf. Lane v. Warden, Maryland Penitentiary, 320 F.2d 179, 185 (4th Cir. 1963). Authorities holding that freedom from handcuffing during the course of trial is an important component of a fair trial are clearly analogous. E. g., Odell v. Hudspeth, 189 F.2d 300 (10th Cir. 1951); Way v. United States, 285 F.2d 253 (10th Cir. 1960). Under these authorities, the critical element appears to be display of the defendant before the jury in a fashion that will allow them to be swayed by his appearance as an already convicted criminal. In the case at hand the plaintiff indicates that he was tried before a judge acting as a jury and was represented by counsel. This Court will not presume that any element of prejudice is present when a trial judge views a defendant in a prison uniform. Even during the course of a jury trial matters of potential prejudice are constantly called to the attention of the trial judge, whose function under the rules of evidence law is to act as a preliminary screen in determining what evidence is to be presented to the jury. Following the guideline set out in the *Bowens* case, supra, this Court concludes that absent a jury trial situation, plaintiff's constitutional right to a fair trial was not violated by the mere fact that he was tried before a judge without a jury in his prison uniform. Even upon reaching this conclusion, dismissal may be improper, however, for plaintiff may quite plausibly contend that the choice of proceeding to trial without a jury had been the only alternative available to him once the prison authorities indicated that he would not have access to his readily available civilian clothing.

Plaintiff's second contention is that he has been denied access to this Court. He further alleges that he has been placed in solitary confinement because of his prosecution of his current action in this Court. If true, such action is a clear violation of the plaintiff's constitutional rights. United States ex rel. Cleggett v. Pate, 229 F.Supp. 818, 821 (N.D.Ill.1964). It is settled that " * * * a right of access to the courts is one of the rights a prisoner clearly retains. It is a precious right, and its administratively unfettered exercise may be of incalculable importance in the protection of rights even more precious." Coleman v. Peyton, 362 F.2d 905, 907 (4th Cir. 1966). On Wednesday, January 18, 1967 this Court received materials that had been prepared by plaintiff prior to January 3, 1967, the date plaintiff had them notarized. These materials bear a prison censor stamp date of January 17, 1967. It is impossible to determine at what time plaintiff submitted these materials to the prison authorities to be forwarded to this Court. Quite possibly, these officials acted with expected dispatch. This issue must also await further factual development.

In United States ex rel. Wakeley v. Commonwealth of Pennsylvania, 247 F.Supp. 7 (E.D.Pa.1965), this Court has demonstrated, at great length, its extreme reluctance to interfere with any matter involving internal prison discipline. In *Wakeley*, a strict burden was placed upon a prisoner proceeding under § 1983 to show exhaustion of his administrative remedies or to show that such exhaustion is not possible. In the materials filed with this Court, plaintiff has contended that it has been impossible for him to exhaust his administrative remedies, especially because of his solitary confinement. If this contention is substantiated, further attempted exhaustion will not be required.

Finally, plaintiff contends that upon the dismissal by this Court of his

petition for habeas corpus upon failure to exhaust his state remedies, his attempts to approach the state courts have been blocked by the defendants. Plaintiff quite properly urges that attempted exhaustion of state habeas corpus relief is futile, if his access to the state courts is denied him. If this contention is true, further exhaustion is unnecessary and this Court will resume jurisdiction of plaintiff's habeas corpus petition for the limited purpose of determining the validity of plaintiff's contentions in regard to the alleged denial of access to the state courts.

### ORDER

And now, to wit, this 16th day of February, A.D. 1967, it is ordered that:

(1) Plaintiff, William Diamond, will be allowed to proceed *in forma pauperis* under the following conditions. Plaintiff is hereby directed to file with the Clerk of this Court, within thirty (30) days from the date of this order, a *short and plain* statement of his claim under the Civil Rights Act. See, Schaedler v. Reading Eagle Publications, Inc., 370 F.2d 795 (3d Cir. 1967). This statement is to be captioned "AMENDED COMPLAINT" and is not to exceed six (6) pages. Initially, plaintiff is to list all parties intended as parties defendant. The "AMENDED COMPLAINT" is to contain, in separate paragraphs, a *brief* statement of the facts surrounding plaintiff's contention that he was tried in his prison uniform when his civilian clothing was readily available at the prison, a *brief* statement of the facts surrounding plaintiff's contention that his access to this Court has been blocked, and finally, a *brief* summary of plaintiff's attempts to exhaust his administrative remedies within the prison, specifying how these attempts were blocked. The "AMENDED COMPLAINT" is not to contain any references to legal authorities such as court decisions, statutes, legal textbooks, etc. Disregard of this Order will result in the termination of leave to proceed *in forma pauperis*.

(2) Plaintiff had filed a petition for habeas corpus with this Court on June 23, 1966 which had been denied for failure to exhaust state remedies. United States ex rel. William Diamond v. Myers, Miscellaneous No. 3309. This Court is particularly interested in plaintiff's contention that his attempts to exhaust his state remedies have been thwarted. Since this specific contention is best treated as a habeas corpus matter, a separate order will be entered to initiate proceedings that will allow this Court an opportunity to determine the validity of plaintiff's contention.

(3) The Clerk of this Court is requested to furnish plaintiff with a copy of this Memorandum and Order.

And it is so ordered.