210 So.2d 9 (1968)
Eugene ATKINS, Appellant,
v.
STATE of Florida, Appellee.
No. J-13.
District Court of Appeal of Florida. First District.
May 7, 1968.
Richard W. Ervin, III, Public Defender, John D. Buchanan, Jr., Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen., George R. Georgieff, Asst. Atty. Gen., for appellee.
SPECTOR, Judge.
This is an appeal from a judgment of conviction for the crime of robbery for which the appellant was awarded a twenty-year sentence.
The sole contention urged by appellant as ground for reversal is that he was denied a fair and impartial trial in violation of the Fourteenth Amendment of the Federal Constitution when the court below permitted the trial to proceed while the defendant was clothed in prison garb. At the beginning of the proceedings below, the trial judge made the following statement to the venireman prior to the selection and swearing of the jury:
"THE COURT: I would like to make an announcement for the benefit of the veniremen who are in the box and also those who are in the courtroom. The fact that the defendant now about to be placed on trial, is wearing the costume that he is, is merely clothing that was issued as an inmate of the jail, not a prisoner, except that he was being held for his trial. It is not an indication that he has ever been convicted of any offense or is guilty of any offense and should not be so regarded. The Court is informed that all persons in custody *10 in the jail are given this type of clothing to wear as a matter of jail custom in the detention part of the jail which is merely to hold persons to have them available for trial and is in no sense any indication of the guilt of the defendant of this or of any other offense.
"MR. BUCHANAN (Defense Counsel): Can we get our motion 
"THE COURT: Let the record show that the defendant objects to the trial proceeding while he is garbed in these clothes and in the presence of the Jury and the objection is overruled and denied in the light of the statement made by the Court."
As authority for his contention that fundamental error was committed at the trial, appellant cites Shultz v. State, 131 Fla. 757, 179 So. 764 (1938), in which our Supreme Court reversed a conviction of the offense of breaking and entering with the intent to commit a misdemeanor because of the insufficiency of the circumstantial evidence upon which the State relied.
In the course of its opinion in the Shultz case, which resulted in reversal for the foregoing reason, the court stated at page 765:
"Every person is presumed to be innocent of the commission of crime and that presumption follows them through every stage of the trial until they shall have been convicted. It is, therefore, highly improper to bring a person who has not been convicted of crime, clothed as a convict and bound in chains, into the presence of a venire or jury by whom he is to be tried for any criminal offense and, when such condition is shown by the record to have obtained, in many cases it might be sufficient ground for a reversal."
The cited excerpt was characterized as dictum by our sister court in McCoy v. State, 175 So.2d 588 (Fla.App.2d 1965). That the quoted material from Shultz was indeed dictum was indicated by the reservation found therein to the effect that "* * * in many cases it might be sufficient ground for a reversal." Moreover, in Shultz, supra, the opinion refers to the defendant being bound in chains as well as clothed as a convict. Even in its dictum, the court did not indicate whether either or both conditions would be required in a proper case to lay the predicate for reversal. Essentially, appellant's claim rests on his entitlement to a fair trial. Whether he received a fair trial is in our view ultimately to be determined by all of the circumstances surrounding his conviction. To justify a new trial, the alleged error must appear to have seriously affected the fairness of the trial and, in this instance, the handling of the defendant during the trial is best regulated by the trial court and is a matter for its sound discretion. Gregory v. United States, 365 F.2d 203, 205 (8th Cir.1966).
Other than the above reference to a defendant's wearing apparel at trial found in the Shultz case, we have not been cited to any case of this jurisdiction which considers this subject matter. We think, however, that an appropriate discussion of the subject is found in 21 Am.Jur.2d, Criminal Law, Section 239:
"Trial of defendant in prison garb. Since the defendant, pending and during his trial, is still presumed innocent, he is entitled to be brought before the court with the appearance, dignity, and self-respect of a free and innocent man, except as the necessary safety and decorum of the court may otherwise require. He is therefore entitled to wear civilian clothes rather than prison clothing at his trial. It is improper to bring him into the presence of the jury which is to try him, or the venire from which his trial jury will be drawn, clothed as a convict."
In view of the above, there is little doubt that except in extraordinary circumstances, *11 as for example where the defendant committed the alleged crime while he was an inmate of a custodial institution where prison garb is his normal attire or where the defendant himself is responsible for the absence of civilian attire, it is our view that a defendant should be clothed in civilian attire.
In reviewing the record of the proceedings below in the instant cause to determine whether appellant was prejudiced by the clothing provided him to the extent that the fairness of his trial was seriously affected, it is our view that the announcement made by the able and experienced trial judge for the benefit of the veniremen respecting the defendant's attire had the effect of preventing the jury from being prejudiced against the defendant on that account. His careful instructions given at that time that the clothing worn by the defendant should not be regarded as any evidence of guilt had the effect in these circumstances of averting the prejudice arising from defendant's attire. It well may be that in another case where the proof of guilt is not so clear as in the instant case, reversible error may be found in the trial of an accused dressed in prison attire.
Affirmed.
JOHNSON, J., concurs.
CARROLL, DONALD K., Acting C.J., dissents.
CARROLL, DONALD K., Acting Chief Judge (dissenting).
I respectfully dissent from the majority opinion because I believe that forcing an accused to go to trial wearing convict clothing constitutes prejudicial, reversible error as a matter of law. I can hardly conceive of any action of a trial court that would so strongly infringe upon that most fundamental right  the presumption of innocence.
The views of the Supreme Court of Florida in Shultz v. State, 131 Fla. 757, 179 So. 764 (1938), as quoted in the majority opinion, strictly considered, probably amount to obiter dictum, as the majority says, because there the judgment appealed from was reversed on other grounds; but I think that those clearly-expressed views are at least entitled to persuasive weight here, especially in the absence of any later Florida decision holding to the contrary.
It is interesting and perhaps significant to note that the quoted views of our Supreme Court in Shultz became part of the basis for a line of authorities in other jurisdictions for the proposition that it is prejudicial error to require an accused to go to trial in prison garb. For instance, in United States ex rel. Diamond v. Social Service Dept., 263 F. Supp. 971 (D.C. 1967), a prisoner alleged that his right to a fair trial had been jeopardized by the intentional withholding of his civilian clothing by prison officials who compelled him to stand trial in prison uniform. With reference to this allegation the United States District Court for the Eastern District of Pennsylvania said:
"The right to wear civilian clothing at trial has been summarized in 21 Am.Jur.2d, Criminal Law § 239 `Trial of Defendant in Prison Garb' (1965, Supp. 1966) as follows:
`Since the defendant, pending and during his trial, is still presumed innocent, he is entitled to be brought before the court with the appearance, dignity, and self-respect of a free and innocent man, except as the necessary safety and decorum of the court may otherwise require. He is therefore entitled to wear civilian clothes rather than prison clothing at his trial. It is improper to bring him into the presence of the jury which is to try him, or the venire from which his trial jury will be drawn, clothed as a convict.'

*12 "The supporting authorities listed are: Eaddy v. People, 115 Colo. 488, 174 P.2d 717 (Colo. 1946); Collins v. State, 70 Okla. Cr. 340, 106 P.2d 273 (1940); Shultz v. State, 131 Fla. 757, 179 So. 764 (1938). These authorities clearly support the view that an appearance before a jury in prison garb prejudices a a defendant's constitutional right to a fair trial. Prejudice is heightened in a jury context. Cf. Lane v. Warden, Maryland Penitentiary, 320 F.2d 179, 185 (4th Cir.1963). Authorities holding that freedom from handcuffing during the course of trial is an important component of a fair trial are clearly analogous. E.g., Odell v. Hudspeth, 189 F.2d 300 (10th Cir.1951); Way v. United States, 285 F.2d 253 (10th Cir.1960). Under these authorities, the critical element appears to be display of the defendant before the jury in a fashion that will allow them to be swayed by his appearance as an already convicted criminal."
To the same effect, in Eaddy v. People, 115 Colo. 488, 174 P.2d 717, (1946), the Supreme Court of Colorado held that the presumption of innocence requires the garb of innocence. In that case the defendant, who was convicted of murder, urged as one of his points on appeal that he was compelled to stand trial clothed in the garb of a convict. With reference to that point the said appellate court said:
"The presumption of innocence requires the garb of innocence, and regardless of the ultimate outcome, or of the evidence awaiting presentation, every defendant is entitled to be brought before the court with the appearance, dignity, and self-respect of a free and innocent man, except as the necessary safety and decorum of the court may otherwise require. Such right was not given this defendant.
"The judgment is reversed and the case remanded."
In Collins v. State, 70 Okla. Cr. 340, 106 P.2d 273 (1940), the Criminal Court of Appeals of Oklahoma said: "However apparent the guilt of the defendant might have been, he is still clothed with the presumption of innocence and is entitled upon his trial to wear his civilian clothes."
In the case at bar the appellee's contention that the trial court's instruction that the jury not consider the convict clothing cleansed the jury's minds of this prejudicial influence, is, in my opinion, without merit. First, that instruction falls a little short of the applicable standard that such instructions should "clearly and emphatically" inform the jury that they must not consider the clothing worn in determining guilt. See the analogous case of State v. Roberts, 86 N.J. Super. 159, 206 A.2d 200 (1965). Secondly, the modern trend of legal thinking is the realistic realization that an instruction that the jury disregard a prejudicial influence does not necessarily cleanse the jurors' minds of that influence. For instance, in the civil case of Pensacola Transit Co. v. Denton, 119 So.2d 296 (Fla.App. 1960), we had this to say about the effect of an instruction to disregard an improper influence (the mention of insurance in an action for damages):
"Then, again, who can tell whether a judge's instruction to disregard a mention of insurance would not serve to emphasize the fact of insurance rather than to eliminate it from his mind? The only acceptable answer to this problem is for the bench and bar religiously to keep every improper influence of every nature from coming before a jury, lest such influence act as a festering sore and result in a miscarriage of justice."
In any event, if any of the jurors did not recognize that the appellant here was wearing convict clothing, the instruction in question would serve to inform him of that prejudicial fact.
As I view the case at bar, whether the views of the Florida Supreme Court quoted from the Shultz case in the majority opinion *13 are to be strictly considered as obiter dictum or as an adjudication, the fact is that they represent the weight of authority, certainly the modern trend of judicial thinking, and the better view.
Accordingly, I would reverse the judgment appealed from and remand the cause for a new trial.