PER CURIAM.
The appellant was charged by information with breaking and entering with intent to commit grand larceny, and grand larceny. He was tried with a co-defendant before a jury, and was convicted of the lesser included offense of entering without breaking, and of the crime of grand larceny. Two sentences of one year’s confinement were imposed, to run concurrently. This appeal followed.
We have considered the several contentions advanced by the appellant as grounds for reversal, in the light of the record and briefs, and find them to be without merit.
The testimony received from an accomplice was not that of an approver, which is precluded by § 932.32 Fla.Stat., F.S.A. The witness was not an approver as known to common law, with reference to which the statute is made applicable. See Lee v. State, 115 Fla. 30, 155 So. 123. The motion to suppress certain evidence, obtained on search of the appellant’s premises following his arrest on a warrant, was properly denied. On the evidence relating to the circumstances of the search the court was entitled to find the search was made with appellant’s permission. The ruling allowing an amendment to be made to the information was proper. No harmful error resulted from misreading the information in one place, by incorrectly stating the suffix “Jr.” in place of “Sr.,” in referring to the name of the owner of an allegedly stolen gun. The defendant’s request for disclosure of the namte of the informant, whose information led to the issuance of the arrest warrant, was properly denied. No showing sufficient to require such disclosure was made. Compare Hall v. State, Fla.App.1969, 219 So.2d 757; State v. Hardy, Fla.App.1959, 114 So.2d 344. No prejudicial error was committed in receiving testimony of a prosecution witness identifying a co-defendant as being involved in the breaking. The trial court properly instructed the jury as to limitation of such evidence to the co-defendant. Moreover, the witness stated she did not identify the appellant-defendant. The value of the property (as being in excess of $100) was shown by substantial competent evidence. We find no error in the rulings of the trial court in denying defendant’s motions for acquittal and for new trial.
Affirmed.