PEARSON, Judge.
The appellant, Robert Montana, appeals from a judgment and sentence entered after a jury trial. He was adjudged guilty of entering a dwelling house, without breaking, with intent to commit a felony (grand larceny) and of grand larceny. He was sentenced to five years confinement upon the first count and two years upon the second. The sentences are to run concurrently. The appellant was tried with Johnny Randall Anderson, whose appeal has already been considered by this court (Anderson v. State, Fla.App.1969, Third District, 223 So.2d 770).
Montana presents six points on this appeal. Four of them are substantially the same as four issues decided on this same record in Anderson’s appeal. We find it unnecessary to discuss these points again. Appellant’s points 1, 2, 4, and 6 are held not to present reversible error upon authority of Anderson v. State, above.
Appellant’s point 3 urges that the trial court erred in denying his request to reserve his opening statement until the conclusion of the state’s case in chief. No authority is furnished for the appellant’s position. The same argument was presented in Allen v. Hooper, 126 Fla. 458, 171 So. 513, 515 (1937), a civil case. The court held the matter to be entirely within the discretion of the trial judge. Appellant has not undertaken to show the manner in which the denial of his request prejudiced him. He has therefore failed to show prejudicial error. He has also failed to show an abuse of discretion. Cf. State v. Strickland, Fla.App.1965, 172 So.2d 260; Atkins v. State, Fla.App.1968, 210 So.2d 9.
Appellant’s remaining point urges that the court erred in denying his objection to the testimony of witness Labree upon the ground that the testimony was hearsay. Labree was a co-actor in the plan to commit the crimes. Appellant was present during the conversation when the plan was put into final form. He executed his part of the plan, the actual entry and asportation of the property. Testimony concerning the development and execution of a criminal plan in which the appellant participated is not hearsay. Baldwin v. State, 46 Fla. 115, 35 So. 220 (1903).
Affirmed.