**A. Robert FREELEY, Plaintiff,**

**v.**

**Hon. George McGRATH, Commissioner of Correction of the City of New York, Defendant.**

**No. 69 Civ. 5536.**

United States District Court, S. D. New York.

July 1, 1970.

Alfred L. Toombs, New York City, for plaintiff.

J. Lee Rankin, Corp. Counsel, New York City, for defendant; Victor P. Muskin, Hewlett, N. Y., of counsel.

## MEMORANDUM

COOPER, District Judge.

This is a civil suit brought under the Civil Rights Act, 42 U.S.C. § 1983, by a prisoner presently incarcerated in the Manhattan House of Detention for Men, New York City, awaiting disposition of certain cases pending against him in the Supreme Court, New York County, and serving a three year sentence imposed by that court in January, 1970.

His complaint prepared without the formal assistance of counsel alleges that defendant, the Correction Commissioner of the City of New York, censors, inspects, peruses and otherwise interferes with confidential communications by mail between plaintiff and his attorney (as well as other members of the New York Bar). He seeks a hearing on the factual issues raised by his complaint and an order enjoining defendant from continuing censorship or inspection of such specific correspondence. Following

the filing of his complaint, he was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 on December 16, 1969.

Defendant moves to dismiss the complaint on grounds of lack of jurisdiction over the subject matter and failure to raise a substantial federal question. At plaintiff's request and with defendant's consent, we permitted Mr. Toombs and Mr. Chevigny, attorneys affiliated with the New York Civil Liberties Union who agreed to represent plaintiff after defendant's motion was filed, to submit a memorandum of law in opposition.

■ Turning first to the question of subject matter jurisdiction, we believe such jurisdiction present here. Regarding the arguments and decisions relied upon by the City in support of this phase of their motion, our circuit has stated:

"Recent decisions, however, have demonstrated a sharp alteration in the judicial attitude toward these rationales and today the older cases retain little vitality." Wright v. McMann, 387 F.2d 519, 522 (2d Cir.1967).

Federal courts have jurisdiction under the Civil Rights Act over claims of unconstitutional conditions of incarceration brought by state prisoners, if not frivolous on their face. See Cooper v. Pate, 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030 (1964); Sharp v. Sigler, 408 F.2d 966, 970 (8th Cir.1969); Wright v. McMann, 387 F.2d 519 (2d Cir.1967); Rodriguez v. McGinnis, 307 F.Supp. 627 (N.D.N.Y.1969). This instant claim of deprivation of rights guaranteed under the Fifth, Sixth and Fourteenth Amendments meets this test.

■ The second question is whether the complaint raises a substantial feder-al question. For purposes of this motion to dismiss, the allegations of plaintiff's complaint are taken as true. See Cooper v. Pate, 378 U.S. 546, 84 S.Ct. 1733 (1964). We believe substantial constitutional issues are raised.

Thus, in our view, it is by no means frivolous to contend, as plaintiff does, that censorship of his mail to and from his attorney operates to deprive him of a confidential attorney-client relationship and effective legal assistance and thereby denies him meaningful access to the courts. See Johnson v. Avery, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969); Coleman v. Peyton, 362 F.2d 905, 907 (4th Cir.) (dictum), cert. denied, 385 U.S. 905, 87 S.Ct. 216, 17 L. Ed.2d 135 (1966); Stiltner v. Rhay, 322 F.2d 314 (9th Cir.1963); United States ex rel. Diamond v. Social Service Dept., 263 F.Supp. 971, 975 (E.D.Pa.1967).

We need not (and do not) now resolve whether such a claim should properly be permitted as to any members of the New York Bar not presently his attorney of record. We recognize the vital need of prison mail restrictions, including censorship, and the evils attendant upon the abolition of all such restrictions. That is not what is involved here. A finding that it is impermissible to inspect or censor prison mail between an attorney and his client would not seriously interfere with the purposes served by the general inspection of mail.[1]

We do no more than rule that the questions raised by plaintiff's complaint are substantial. This should not be taken to preclude a motion to dismiss pursuant to 28 U.S.C. § 1915(d) or for summary judgment should facts warranting such action be developed.

Accordingly, defendant's motion to dismiss is denied.

---

1. Mail entitled to the confidentiality of the attorney-client relationship could be identified and differentiated in handling by having the attorney of record at the time of such correspondence file a copy of his notice of appearance with the warden or other official responsible for regulating the prisoners' mail.