**B. J. B., Petitioner,**

v.

**The DISTRICT COURT OF OKLAHOMA COUNTY, ex rel., Joe S. WALLACE, Special Judge of the District Court of Oklahoma County, Respondent.**

No. 54412.

Supreme Court of Oklahoma.

May 6, 1980.

Theodore Haynes, Oklahoma City, for petitioner.

Andrew Coats, Dist. Atty., Oklahoma City, for respondent.

SIMMS, Justice:

Petitioner was involuntarily ordered committed to a private hospital as a mentally ill person on petition filed by her mother. Through her counsel, she sought Habeas Corpus in this Court alleging she had been deprived of due process of law because she had not been afforded the statutory right of jury trial because the trial court had combined the Commissioner's examination with the judicial hearing on the petition. The day before habeas corpus was to be heard in this Court, petitioner was discharged from confinement.

█ It is argued that habeas corpus is no longer available to petitioner, however, the issue presented by these proceedings is of sufficient procedural significance to invoke the Article VII, Section 6, Oklahoma Constitutional authority of this Court. Additionally, the procedures leading to involuntary civil commitment of the person alleged to be mentally ill have been repeated, according to attorney for petitioner, but have evaded appellate review. We do not consider the issue moot under the rationale of *Rex v. Owens ex rel. State of Oklahoma*, 585 F.2d 432 (10 Cir. 1978).

█ The issue to be decided is: May a trial judge combine a Title 43A O.S.Supp. 1978, § 55.2, Examining Commission Hearing with a § 54.1 Hearing on a Mental Health Petition, absent waiver or agreement? All statutory references hereafter are Title 43A.

Section 54.1(B) provides for the appointment of an Examining Commission upon receipt of the petition alleging a person to be mentally ill and requiring treatment. Section 55.2(c) authorizes an Examining Commission Examination at which persons specified as witnesses in the petition are afforded an opportunity to testify, with the oath being administered by a notary public or other person authorized to administer oaths. This section further permits the Commission Examination to be conducted at a medical facility. Section 55.2(c) requires the Commission to execute a certificate in statutory form stating adequate reasons why the alleged mentally ill person requires treatment. No *quantum* of evidence is specified by § 55.2(c) to sustain certification, but the Commission Hearing is referred to in § 54.1(A)(2)(c), as a "probable cause" hearing.

On the other hand, § 54.1(B)(4) and (8), provides that upon request, the *Hearing on the Petition* may be conducted as a jury trial, while no such provision exists as to the Commission Examination.

To us, the statutory language clearly contemplates the examination be held separate and apart from the hearing on the petition unless otherwise waived. This conclusion is buttressed by the provisions of § 54.1(C) which reads: "The Court, at the hearing on the petition, shall determine beyond a reasonable doubt, if the person is a person requiring treatment." Therefore, there exists, under our statutory scheme, an entirely different quantum of proof required for certification as opposed to a judicial hearing on a petition.

We therefore conclude that to combine Commission Examination with a Hearing on a Petition in a mental health proceeding, in the absence of a voluntary and intelligent waiver, constitutes a violation of a statutory right.

The Petition for Writ of Habeas Corpus will, however, be DENIED.

All the Justices concur.