645 P.2d 498 (1982)
In re the Mental Health of L.B.
No. 55001.
Supreme Court of Oklahoma.
April 6, 1982.
Schulte, Larence & Clark by Mark S. Clark, Lawton, for appellant-respondent, L.B.
Richard W. Tannery, Dist. Atty., Dist. 5 by C. Allen McCall, Asst. Dist. Atty., Lawton, for appellee, State of Oklahoma.
HARGRAVE, Justice.
Eighty-seven, or eighty-nine, days before the appellant came before a six-person jury that was to decide whether L.B. was a person in need of treatment as mentally ill, he became incarcerated in the Comanche County jail. Much of this time in custody, he was in solitary confinement in a cell with a solid steel door and no window. As the appellant was conducted into the courtroom in handcuffs, immediately after *499 stating he would keep his hands down, and was later actually shackled and gagged, we determine that conduct so prejudiced appellant's right to a fair trial that the proceeding and judgment against him cannot stand. The fact that the record discloses the appellant was released from the institution which accepted his custody after thirteen months does not render this appeal moot. In re D.B.W., 616 P.2d 1149; B.J.B. v. District Ct. of Oklahoma Cty., 611 P.2d 249 (Okl. 1980).
While the appellant was assumedly in custody at the time the sheriff determined treatment was required, it is apparent the appellant was not subjected to the provisions of 43A O.S.Supp. 1979 § 61, titled "Prisoners Mentally Ill", but was proceeded against under the provisions of 43A O.S. Supp. 1978 § 54.1 repealed effective June 17, 1980. The appellant's jury trial was held February 25, 1980. Section 54.1(A)(2)(b) contains a provision requiring the officer taking the subject into custody must prepare an affidavit indicating the basis for his belief that the party requires treatment and the circumstances under which he took the person into custody. The sheriff's information in this proceeding states only the appellant was prone to throw water, hot coffee and certain deleterious fluids on jail guards. The action now before this tribunal serves as ample illustration of the salutory effect and necessity for such a statement.
Appellant presents two propositions of error. First, it is contended there is not sufficient evidence to allow the jury to find the defendant is a threat to himself or others. Second, appellant contends the court committed fatal error in restraining him in the described manner in addition to his being guarded closely by deputies throughout the hearing.
In a hearing designed to afford a jury the opportunity to evaluate the mental health of a party, the court must be solicitous to the fact that such a determination rests largely on the jury's evaluation of subjective impressions of character, temperament, bearing and demeanor. Despite the subjective nature of such determination, the respondent's very liberty hangs upon the determination so made. What effect upon the jury can be expected when the authorities decide, before the trial, to bind the respondent? Such an act is a powerful indication that the State has determined the individual is a threat. To allow the jury to view the appellant brought into the courtroom bound is directly prejudicial to the very determination the jury is impaneled to decide; that is, can the party be found to present a danger to himself or others? In an involuntary commitment procedure, the effect of such restraint is more directly prejudicial than if the restraints were imposed on a criminal defendant. In the case of a criminal defendant, such conduct reflects adversely upon his presumption of innocence and not directly upon the query of guilt or innocence of the crime charged. In a commitment proceeding such as this before the Court here, that restraint bears directly upon the ultimate question given the jury. Thus, this Court is convinced that the criteria for determining the acceptability of presenting the appellant to the jury physically restrained can be no more relaxed than that applied to criminal defendants.
Appellee, the State of Oklahoma, bases its defense of the trial judge's decision upon the correctness of removal of the appellant from the courtroom during the trial. This Court views that discussion as immaterial by virtue of the fact that fatal prejudicial error had occurred prior to that time. The appellant was initially viewed by the jury under physical restraint. The trial was initiated with the appellant handcuffed, and the prejudicial effect of such action was indelibly inscribed upon the mind of the jury. Thus, we do not reach the correctness of later actions taken by the court in the name of maintenance of courtroom decorum. Immediately prior to his introduction into the courtroom, the respondent attempted to assure the judge he would conduct himself properly by stating he would keep his hands down. That statement was interrupted by the court's observation that the motion was denied. The court read into the *500 record a statement that L.B. was making it difficult for the proceeding to be conducted. It is admitted that appellant was freely engaged in a running commentary during the bulk of the proceeding. The observation of the trial court to the effect that L.B. was making proceedings difficult, as opposed to impossible, is borne out by the transcript.
In the case of Peters v. State, 516 P.2d 1372 (Okl.Cr. 1973), the rule is laid down that the defendant's right to the presumption of innocence and right to be present in the courtroom at every stage in the proceeding may be waived if the defendant engaged in misconduct so disruptive and disrespectful that a trial cannot continue, citing Illinois v. Allen, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970). Inasmuch as the appellant was ushered into the courtroom restrained, it is apparent that this precept was violated, for the rule presupposes the respondent has an opportunity to appear before the jury unrestrained. In instances such as this where the last remonstrance from the respondent prior to being bound indicated a willingness of the appellant to conduct himself properly in an involuntary commitment proceeding, it is error to presume he will waive his rights at a subsequent stage of the proceeding.[1] Furthermore, the trial court was not faced with a situation where the respondent had a known history of violent behavior. In the entire transcript, not one witness testified the respondent had ever in the past physically harmed himself or others. The sole indicia of violence occurred when respondent kicked at the trial judge. This occurred after the court refused to allow the respondent to enter the presence of the jury unrestrained and immediately after the court interrupted his attempt to promise the court he would behave properly. Under the record we are unable to determine whether that act was simply a symbolic gesture or an actual attempt to cause physical harm. This episode is thus not demonstrated by the record to warrant the action taken.
The trial court erred under the facts as stated in presenting L.B. to the jury in the first instance in a restrained condition in an involuntary commitment proceeding. The order of the trial court denying the respondent a new trial is REVERSED and the cause is REMANDED.
BARNES, V.C.J., and HODGES, DOOLIN, and OPALA, JJ., concur.
SIMMS, J., concurs in result.
WILSON, J., dissents.
NOTES
[1] It is to be noted the Court would be faced with a different circumstance had the respondent informed the trial court prior to being restrained that he would not conduct himself properly.